SWANTEK v AUTOMOBILE CLUB OF MICHIGAN INSURANCE
GROUP

Docket No. 58776. Submitted May 4, 1982, at Lansing.—Decided
August 24, 1982. Leave to appeal applied for.

Plaintiff, Darrell W. Swantek, was injured in an automobile
accident. At the time of the accident he was insured under a
no-fault policy sold by defendant, Automobile Club of Michigan
Insurance Group. Plaintiff brought an action in the 74th Dis-
trict Court to collect for transportation expenses incurred in
obtaining medical treatment. The court, Paul Harvey, J.,
granted summary judgment to defendant. Plaintiff appealed to
the Bay Circuit Court, which affirmed, Eugene C. Penzien, J.
Plaintiff appealed by leave granted. *Held:*

A person injured in an automobile accident may recover from
his no-fault insurer reasonable transportation expenses in-
curred for the purpose of obtaining medical treatment.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — TRANSPORTATION EXPENSES.

A person injured in an automobile accident may recover from his
no-fault insurer reasonable transportation expenses incurred
for the purpose of obtaining medical treatment (MCL
500.3107[a]; MSA 24.13107[a]).

2. STATUTES — JUDICIAL CONSTRUCTION.

It is reasonable to interpret similar provisions in the Worker's
Disability Compensation Act and the no-fault insurance act in
the same way.

*Bower & Rogers,* for plaintiff.

*Zimostrad, Wenzloff, Allsopp & Zimostrad, P.C.,*
for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 359.
[2] 7 Am Jur 2d, Automobile Insurance § 34
81 Am Jur 2d, Workmen's Compensation § 27.

Before: R. M. Maher, P.J., and Bronson and R. J. Snow,* JJ.

Bronson, J. Plaintiff appeals by leave granted a circuit court decision affirming a district court order granting defendant's motion for summary judgment. GCR 1963, 117.2(1). In granting the motion, the trial court held that transportation expenses reasonably required to obtain medical treatment need not be paid by plaintiff's no-fault insurer.

MCL 500.3107; MSA 24.13107 states in part:

"Personal protection insurance benefits are payable for the following:

"(a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation."

In interpreting a statute, the most important task is determining the Legislature's intent. This interpretation of intent is governed by consideration of a statute as a whole. *Harrow v Metropolitan Life Ins Co,* 285 Mich 349, 356; 280 NW2d 785 (1938). The Legislature, by enacting the no-fault automobile insurance statute, created a comprehensive scheme designed to provide sure and speedy compensation for certain economic losses resulting from motor vehicle accidents. *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 240; 293 NW2d 594 (1980). A more specific purpose of § 3107, *supra,* was to provide a contractual right of action against one's own insurer for income loss and medical expenses arising from a motor vehicle accident. *Bradley v Mid-Century Ins Co,* 409 Mich 1, 62; 294 NW2d 141 (1980).

* Circuit judge, sitting on the Court of Appeals by assignment.

Under the no-fault act, an insured may collect from his insurer for limited economic loss, *i.e.,* work loss, replacement services, and medical and funeral expenses without regard to fault. MCL 500.3105(2), 500.3107; MSA 24.13105(2), 24.13107; *Bradley, supra,* 61. An insured may also sue the negligent tortfeasor for excess economic loss. MCL 500.3135(2)(c); MSA 24.13135(2)(c); *Bradley, supra,* 62. It is clear that the Legislature has divided an injured person's economic loss into two categories: loss for which the no-fault insurer is liable and loss for which the tortfeasor is liable. *Bradley, supra,* 62.

The right of action against the tortfeasor for excess economic loss exists in all categories in which the insurer's liability is limited by the statute: work loss, funeral cost, and replacement services. *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321, 345; 314 NW2d 184 (1982). An exception to the policy of limiting protection by the insurer and accordingly allowing recovery against the tortfeasor is made for medical expenses. *State Farm, supra,* 345; *McKendrick v Petrucci,* 71 Mich App 200, 207, fn 2; 247 NW2d 349 (1976). Where no uninsured motorist is involved, the injured party may look only to his no-fault insurer to pay for medical expenses incurred as the result of an accident. If travel expenses reasonably necessary to obtain medical treatment are not recoverable under § 3107(a), they are not recoverable at all.

Where the Legislature has intended to abolish all liability for a loss, *e.g.,* subthreshold noneconomic loss, it has clearly and explicitly done so. MCL 500.3135(a); MSA 24.13135(a). We will not assume that the Legislature intended that persons injured in motor vehicle accidents pay their own

reasonable transportation expenses when those expenses are incurred in an effort to obtain medical treatment. We conclude that the Legislature did not exclude reasonable and necessary travel expenses from the ambit of MCL 500.3107(a); MSA 24.13107(a).

We also find persuasive plaintiff's analogy with the treatment of travel expenses under the workers' compensation act. Such expenses are allowable under that act. *Hite v Evart Products Co,* 34 Mich App 247, 256-258; 191 NW2d 136 (1971). Both workers' compensation and automobile insurance are remedial no-fault systems. It is reasonable to interpret similar provisions in the statutes governing these systems in the same light. *Visconti v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 477, 482; 282 NW2d 360 (1979). MCL 500.3107(a); MSA 24.13107(a) is similar to the analogous "allowable medical expense" provision in the workers' compensation act. MCL 418.315; MSA 17.237(315); *Visconti, supra,* 479. We think the intent of the Legislature in enacting the medical expense provisions of the two statutes was the same. To effectuate the legislative intent, the two provisions should be interpreted in the same manner.

It was error to preclude plaintiff, as a matter of law, from recovering reasonable transportation expenses incurred for the purpose of obtaining medical treatment. We express no opinion on the reasonableness of plaintiff's claimed expenses.

Reversed and remanded.