JOHNSTON v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 58511. Submitted April 21, 1982, at Lansing.—Decided
January 25, 1983. Leave to appeal denied, 417 Mich __.

Plaintiffs, Kenneth D. Johnston and the estate of Laura I. John-
ston, by and through its administrator, E. Edward Hood,
brought an action in the Washtenaw Circuit Court seeking
overdue no-fault insurance benefits from defendant, Detroit
Automobile Inter-Insurance Exchange. The trial court, Ross W.
Campbell, J., entered a summary judgment for Kenneth D.
Johnston. Defendant appeals. *Held:*

1. The plaintiff may recover interest under both § 3142 of the
no-fault insurance act and § 6013, the judgment interest stat-
ute. The purpose of the six percent judgment interest provision
is to compensate the prevailing party for the expense incurred
in bringing an action and for the delay in receiving money
damages. The 12% interest provision under the no-fault act is
intended to penalize the recalcitrant insurer rather than com-
pensate the claimant. These statutes are not mutually exclu-
sive.

2. Plaintiff is entitled to the following interest on his overdue
no-fault personal protection benefits: 12% per annum from the
time his benefits became overdue on December 12, 1978, until
the day before he filed his complaint on February 23, 1979;
18% per annum from February 23, 1979, until June 1, 1980;
and 24% per annum from June 1, 1980, until the judgment is

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 344, 357.
  Automobile insurer's liability for statutory excess interest for de-
  layed payment of no-fault claim. 14 ALR4th 761.
  Validity and construction of "no-fault" automobile insurance plans.
  42 ALR3d 229.
[2] 45 Am Jur 2d, Interest and Usury § 96.
  Date of verdict or date of entry of judgment thereon as beginning of
  interest period on judgment. 1 ALR2d 479.
[3] 7A Am Jur 2d, Automobile Insurance § 428.
  44 Am Jur 2d, Insurance § 1553.

satisfied. Plaintiff is also entitled to the following interest on his award of costs and attorney fees: 12% per annum from the entry of judgment until the judgment is satisfied. Since the present judgment does not provide interest on plaintiff's costs and attorney fees, the matter is remanded to the trial court for entry of an amended judgment so providing.

3. The judgment interest statute, § 6013, directs that interest shall be allowed from the date of filing the complaint. Likewise, § 3142 of the no-fault insurance act is triggered when personal protection insurance benefits become overdue. Neither section contains a qualification as to the good faith with which the insurer denies liability. Rather, personal protection insurance benefits can only be denied if proof of the claim is unreasonable, i.e., insufficient proof of the loss or the amount of the loss.

Affirmed and remanded for entry of an amended judgment.

1. INSURANCE — NO-FAULT INSURANCE — PENALTY INTEREST — JUDMGENT INTEREST — STATUTES.

A trial court may properly award 12% penalty interest and 6% judgment interest under the no-fault automobile insurance act because the purpose of the 6% interest statute is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money, while the purpose of the 12% interest provision is to penalize the recalcitrant insurer rather than compensate the claimant; these statutes are not mutually exclusive (MCL 500.3142, 600.6013; MSA 24.13142, 27A.6013).

2. JUDGMENTS — INTEREST.

The statute regarding interest on a money judgment directs that interest shall be allowed from the date of filing the complaint; the statute provides no qualification as to the good faith with which one found liable denied liability (MCL 600.6013; MSA 27A.6013).

3. INSURANCE — PERSONAL PROTECTION BENEFITS — OVERDUE BENEFITS — INTEREST.

The insurance statute regarding overdue personal protection insurance benefits provides that interest is triggered when the benefits become overdue, i.e., 30 days after an insurer receives reasonable proof of a claim; the statute provides no qualification as to the good faith with which the insurer denies liability, rather, benefits can only be denied if proof of the claim is unreasonable, i.e., insufficient proof of the loss or the amount of the loss (MCL 500.3142; MSA 24.13142).

*Bishop & Shelton, P.C.* (by *Donald E. Shelton*), for plaintiff.

*Douvan & Barnett* (by *Gordon J. Barnett, Jr.*), for defendant.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

PER CURIAM. The trial court, on June 9, 1981, entered a summary judgment in favor of plaintiff Kenneth D. Johnston for overdue no-fault insurance beneftis of $32,503.48. The judgment also included interest pursuant to MCL 500.3142; MSA 24.13142 and MCL 600.6013; MSA 27A.6013. Defendant appeals as of right.

In *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 709; 299 NW2d 370 (1980), this Court addressed the issue of whether a plaintiff may recover interest under both § 3142 of the no-fault insurance act and § 6013 of the interest statute:

"Finally, defendant claims that the trial court erred in awarding six percent judgment interest, MCL 600.6013; MSA 27A.6013, in addition to the 12 percent penalty interest under the no-fault act, MCL 500.3142; MSA 24.13142. The trial court awarded the 12 percent interest on the overdue wage loss payment from the time it became overdue. The six percent interest was ordered on the entire judgment from the date the complaint was filed. Defendant contends that the overlapping of the interest provisions was impermissible.

"The purpose of the six percent interest statute is to *compensate* the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979);

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691 (1971). The 12 percent interest provision is intended to *penalize* the recalcitrant insurer rather than compensate the claimant. See *O J Enterprises, Inc v Ins Co of North America,* 96 Mich App 271; 292 NW2d 207 (1980) (similar purpose intended under the Insurance Code, MCL 500.2006; MSA 24.12006). We do not consider these statutes to be mutually exclusive. Therefore, the trial court correctly ordered both the six percent and the 12 percent interest." (Emphasis in original.)

The foregoing excerpt was affirmed in *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573, 589-590; 321 NW2d 653 (1982). Consequently, plaintiff is entitled to the following interest on his overdue no-fault personal protection benefits: interest at 12% per annum from the time his benefits became overdue on December 12, 1978, until the day before he filed his complaint on February 23, 1979; interest at 18% per annum from February 23, 1979, until June 1, 1980; and interest at 24% per annum from June 1, 1980, until the judgment is satisfied. He is also entitled to the following interest on his award of costs and attorney fees: interest at 12% per annum from the entry of the judgment until the judgment is satisfied. Since the present judgment does not provide interest on plaintiff's costs and attorney fees, we remand to the trial court for entry of an amended judgment so providing.

Finally, the Supreme Court's decision in *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981), does not affect this determination. *LeBlanc* held that Medicare benefits may be coordinated with other health and accident coverage, pursuant to MCL 500.3109a; MSA 24.13109(1), and that MCL 500.3109; MSA 24.13109 does not mandate that

those benefits be deducted from an insured's no-fault personal protection benefits.

Defendant claims that prior to the *LeBlanc* decision it had no liability to pay medical benefits for which plaintiff had been reimbursed by Medicare and thus it is not required to pay interest on any amounts withheld prior to the *LeBlanc* decision. However, § 6013 directs that interest *shall* be allowed from the date of filing the complaint. There is no qualification as to the good faith with which one found liable denied liability. Likewise, § 3142 interest is triggered when personal protection insurance benefits become overdue, *i.e.,* 30 days after an insurer receives reasonable proof of a claim. Once again, there is no qualification as to the good faith with which the insurer denies liability. Rather, personal protection insurance benefits can only be denied if proof of the claim is unreasonable, *i.e.,* insufficient proof of the loss or the amount of the loss. *Cook v Detroit Automobile Inter-Ins Exchange (Amended Opinion),* 114 Mich App 53; 318 NW2d 476 (1982). However, defendant does not contest the fact of the loss or the amount.

Affirmed and remanded for entry of an amended judgment. Costs to appellee.