JOINER v MICHIGAN MUTUAL INSURANCE COMPANY

Docket NO. 88357. Submitted November 18, 1986, at Detroit. Decided
July 7, 1987.

Jerry D. Joiner was employed by United Trucking Service, Inc.
Michigan Mutual Insurance Company insured United Trucking
for both no-fault and workers' compensation liability. Joiner
was injured in a series of motor vehicle accidents while in the
course of his employment, and Michigan Mutual initially vol-
untarily paid medical expenses and workers' compensation
benefits to Joiner, but terminated those benefits when it deter-
mined that Joiner's injuries were not work related. Joiner
subsequently applied for workers' compensation benefits. A
hearing referee determined that Joiner's health problems were
not employment related. The Workers' Compensation Appeal
Board reversed that ruling and found that Joiner was entitled
to benefits. The Court of Appeals and the Supreme Court both
denied Michigan Mutual leave to appeal that determination.
419 Mich 938 (1984). Joiner also filed suit against Michigan
Mutual in Wayne Circuit Court seeking no-fault benefits. In
decisions on pretrial motions, the court held that defendant
was not allowed to set off workers' compensation benefits since
the claim was still pending before the WCAB, that plaintiff had
complied with the notice requirements of the no-fault act, and
that, because defendant had not formally denied the claim,
plaintiff was not limited by the one-year-back provision of the
no-fault act. Following trial, the court, Victor J. Baum, J.,
entered a judgment in favor of plaintiff. Defendant appealed
and the Court of Appeals affirmed, holding, inter alia, that the
trial court did not err in denying defendant's motion for
summary judgment alleging an entitlement to a setoff for
workers' compensation benefits, 137 Mich App 464 (1984). Both

REFERENCES

Am Jur 2d, Automobile Insurance §§ 367, 368.

Am Jur 2d, Workmen's Compensation §§ 364, 365.

Validity and construction of no-fault insurance plans providing for
the reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

See also the annotations in the Index to Annotations under Work-
ers' Compensation.

parties then moved in the trial court for entry of judgment consistent with the Court of Appeals decision. The court, Louis F. Simmons, Jr., J., ruled that the one-year-back rule was inapplicable and that defendant was entitled to a setoff of workers' compensation benefits paid but only against the gross amount of the no-fault judgment and not the net amounts awarded by the jury for allowable expenses and work loss for calculation of no-fault statutory penalty interest and judgment interest. Defendant appealed and plaintiff cross-appealed.

The Court of Appeals *held:*

1. The one-year-back provision was tolled by defendant's failure to deny plaintiff's claim, and the law of the case doctrine precludes consideration of the issue again.

2. Defendant must pay no-fault statutory penalty interest up to the time plaintiff's entitlement to both workers' compensation and no-fault benefits became final. The setoff for workers' compensation benefits is to be applied to the amount of no-fault benefits, penalty interest, and judgment interest owing at that time.

Affirmed and remanded for modification of the judgment and further proceedings consistent with the Court of Appeals opinion.

INSURANCE — NO-FAULT — WORKERS' COMPENSATION — SETOFF.

The fact that an insurer contests an insured's entitlement to workers' compensation benefits does not toll the application of the penalty interest provision of the no-fault act where the insured also claims entitlement to no-fault benefits; once penalty interest begins to accrue on the no-fault award, it is to be paid up to the time the insured's entitlement to both workers' compensation and no-fault benefits becomes final; the amount of workers' compensation benefits the insured is entitled to is to be set off against the amount of no-fault benefits, penalty interest, and judgment interest owing at that time (MCL 500.3109[1], 500.3142; MSA 24.13109[1], 24.13142).

*Quinn, Borella & Stockton, P.C.* (by *Richard M. Amsbaugh*), for plaintiff.

*Joselyn, Rowe, Grinnan, Hayes & Feldman, P.C.* (by *Joseph E. Grinnan*), for defendant.

Before: SHEPHERD, P.J., and WAHLS and SULLIVAN, JJ.

SHEPHERD, P.J. Defendant appeals the October 7, 1985, judgment awarding plaintiff $182,083.19 in no-fault benefits and interest and providing that defendant was entitled to a setoff of workers' compensation benefits against that amount. Plaintiff cross-appeals, presenting an alternative argument. We affirm, but remand for modification of the judgment.

This is the second time this case has been before this Court. The history of this case up to September 17, 1984, may be found in *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464; 357 NW2d 875 (1984). Briefly, plaintiff was employed by United Trucking Service, Inc. Defendant insured plaintiff's employer for both no-fault and workers' compensation liability. Plaintiff suffered three successive injuries during the course of his employment: (1) an injury to his right arm sustained when he fell from a truck, (2) a head injury sustained in a truck accident which occurred because of drowsiness attributable to pain medication taken for the earlier injury, and (3) a second head injury sustained when plaintiff blacked out while driving a yard switcher shortly after his release from the hospital following the earlier head injury. As a result, plaintiff suffers from disabling traumatic epilepsy. Although defendant paid initial medical expenses and workers' compensation benefits, it terminated those after deciding that plaintiff's disability was not employment related.

Plaintiff began two parallel courses of litigation. On April 25, 1977, he petitioned for workers' compensation benefits. The hearing referee awarded plaintiff medical expenses and entered a closed award of compensation benefits. In a second decision in September, 1980, the hearing referee determined that plaintiff's health problems as of that date were not employment related. Both

plaintiff and defendant appealed to the Workers' Compensation Appeal Board. The wcab found in favor of plaintiff. This Court denied defendant leave to appeal that decision. The Supreme Court denied defendant leave to appeal on September 28, 1984. *Joiner v United Trucking Service, Inc,* 419 Mich 938 (1984). It appears that defendant paid workers' compensation benefits shortly thereafter.

In the meantime, plaintiff filed the present action in circuit court on November 9, 1978, seeking no-fault benefits. Following a trial in October, 1982, at which the primary issue was medical causation, the jury returned a special verdict in the amount of $118,040, "which included proven allowable expenses, work-loss benefits for three years and 12% no-fault statutory interest calculated on the allowable expenses and work loss." 137 Mich App at 469. Defendant was given credit for certain workers' compensation benefits paid and for some wages plaintiff earned during his disability. The total judgment entered on November 5, 1982, including interest and costs, was $158,940.

Defendant appealed, challenging various pretrial orders. This Court held that, since sufficient notice of injury was given pursuant to MCL 500.3145(1); MSA 24.13145(1) and defendant had not formally denied plaintiff's no-fault claim, plaintiff's claim was not limited by the period of limitation and the one-year-back provision of the statute. This Court also held that the trial court did not err in denying defendant's motion for summary judgment alleging an entitlement to a setoff for workers' compensation benefits. This Court found that plaintiff had made every reasonable effort to obtain workers' compensation benefits, but his claim was pending before the wcab at the time of trial. Therefore, no benefits were provided or required to

be provided to him at the time of trial within the meaning of MCL 500.3109(1); MSA 24.13109(1), which provides for the setoff. The Court added:

> We note, however, that there is nothing to prohibit the trial court from entering a judgment preventing duplicative recovery by requiring plaintiff to reimburse defendant in the event workers' compensation benefits are ultimately provided or required to be provided to plaintiff. [137 Mich App 475.]

This Court also found several issues concerning procedural and evidentiary matters to be without merit. It also affirmed the trial court's denial of attorney fees to plaintiff.

Defendant applied for leave to appeal this Court's decision and plaintiff sought leave to cross-appeal the denial of attorney fees. On December 14, 1984, the Supreme Court held the application in abeyance pending the decision in *Welton v Carriers Ins Co*, 421 Mich 571; 365 NW2d 170 (1984). After release of *Welton,* the Supreme Court denied leave to appeal and cross-appeal on June 10, 1985. 422 Mich 920 (1985).

Both parties then moved in the trial court for entry of judgment consistent with this Court's decision. Plaintiff argued that no setoff or reimbursement for workers' compensation benefits was required by § 3109(1). Defendant argued that its no-fault obligation was to be set off pursuant to § 3109(1). Defendant also argued that it was entitled to have the one-year-back provision of § 3145(1) applied. The trial court issued an opinion and order on August 18, 1985, concluding that it was precluded from considering the application of § 3145(1) by the law of the case doctrine. The trial court also concluded that a setoff was required, based on this Court's comments in the first opinion

and other case law intended to prevent a double recovery of benefits. The trial court concluded that the workers' compensation benefits should be subtracted from the jury award of no-fault benefits and that the no-fault statutory interest on no-fault benefits allowed by MCL 500.3142; MSA 24.13142 should then be imposed only on the "net award." As both parties had used incorrect calculation methods, the trial court denied both motions.

The trial court entered another order on October 7, 1985, reaffirming its position as to the nonapplication of the one-year-back rule. As to the setoff question, however, the court reversed itself and held that defendant was entitled to a setoff of workers' compensation benefits paid "but only against the 'gross,' amount of the Judgment and not the 'net' amounts awarded by the jury for allowable expenses and work loss for calculation of No-Fault statutory interest and Judgment interest." The court adopted plaintiff's calculation and entered a judgment in favor of plaintiff totaling $182,083.19, "which figure is inclusive of all costs and all interest and all subtractions and setoffs through October 7, 1985."

We initially address defendant's issue concerning the application of § 3145(1), which denies recovery of no-fault benefits for loss incurred more than one year before the action was filed. That issue was fully addressed in the prior appeal, wherein we held that this one-year back provision was tolled by defendant's failure to deny plaintiff's claim, and the law of the case doctrine precludes us from considering it again. See *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981). Defendant argues that the case is now controlled by the Supreme Court's decision in *Welton, supra* at 578-579, which held that tolling the one-year-back rule of § 3145(1) requires a spe-

cific claim for no-fault benefits. We find *Welton* distinguishable from this case, as plaintiff did in fact make a specific claim for no-fault benefits.

We next address the setoff issue, which appears to be one of first impression. Section 3109(1) of the no-fault act provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

In a situation where a worker is injured in a motor vehicle accident in the course of his employment, workers' compensation benefits must be subtracted from the no-fault recovery. The purpose of § 3109(1) is to make the no-fault insurer only secondarily liable because no-fault insurance is compulsory. It is thus important that no-fault premiums be maintained as low as possible. This purpose is accomplished through the "elimination of duplicative benefits recovery." *Gregory v Transamerica Ins Co,* 425 Mich 625, 631-632; 391 NW2d 312 (1986).

It is thus clear that defendant is entitled to a setoff in this case. A reading of the dicta in *Joiner* to conclude otherwise is incorrect. Section 3109(1) provides no guidance, however, as to whether workers' compensation benefits are to be set off prior to the calculation of no-fault penalty interest.

Section 3142 provides:

> (1) Personal protection insurance benefits are payable as loss accrues.
> (2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the

amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

(3) An overdue payment bears simple interest at the rate of 12% per annum.

The general rule for application of § 3142 holds that the interest provision is triggered when personal protection benefits become overdue, thirty days after the insurer receives reasonable proof of the claim. There is no qualification for the good faith with which the insurer denies liability. See *Johnston v Detroit Automobile Inter-Ins Exchange,* 124 Mich App 212, 216; 333 NW2d 517, lv den 417 Mich 1100.26 (1983).

In *Cannell v Riverside Ins Co,* 147 Mich App 699; 383 NW2d 89 (1985), the plaintiff was injured while driving her car home from a meeting. She settled her workers' compensation claim for $22,500, apparently before any hearing. Thereafter, the defendant refused to disburse further no-fault payments, asserting that the injuries were covered by workers' compensation and seeking setoff and reimbursement of her settlement. The plaintiff claimed that she was not entitled to workers' compensation and that the lump sum she received was thus a bonus. This Court found that a remand was necessary to determine whether the plaintiff was entitled to workers' compensation

benefits. If so, then this Court ordered the circuit court to grant the defendant a setoff for the entire amount the plaintiff would have received from workers' compensation. If the plaintiff's injury was not compensable, then the defendant could only set off the amount received for the same injury. 147 Mich App 704.

The *Cannell* Court apparently also determined that no-fault benefits were due the plaintiff. With regard to penalty interest, the Court held:

> In the instant case plaintiff clearly would have been entitled to no-fault benefits as a result of her car accident. However, an issue had arisen regarding whether workers' compensation was liable for her injuries. Just because defendant may be entitled to reimbursement under MCL 500.3109; MSA 24.13109 is not a sufficient reason to withhold benefits. As the purpose of no-fault insurance is to pay insureds promptly for economic losses, *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), *aff'd in part* 402 Mich 554; 267 NW2d 72 (1978), it would defeat the purpose of no-fault insurance if we were to allow an insurance company to delay payments in its hope that it was entitled to reimbursement. Accordingly, we find defendant liable for penalty interest under MCL 500.3142; MSA 24.13142 and remand for a determination of the date when plaintiff was unreasonably denied benefits and the amount of the benefits. Interest should then run from 30 days after that date. [147 Mich App 706.]

*Cannell* does not expressly answer the question of when the setoff should be made and how long the no-fault penalty interest should continue to accrue. It is clear from *Cannell,* however, that no setoff could be made until it was finally determined to what amount of workers' compensation and no-fault benefits the plaintiff was entitled.

Defendant's position in the workers' compensation case was apparently that plaintiff was not entitled to workers' compensation benefits. *Joiner, supra* at 468. That question was finally resolved on September 28, 1984, when the Supreme Court denied leave to appeal. Defendant's position with regard to no-fault benefits sought to avoid or limit any recovery by claiming untimely notice of the claim and application of the one-year-back rule. Those questions were resolved on June 10, 1985, when the Supreme Court denied leave to appeal in *Joiner.*[1]

Until these parallel litigation tracks were resolved, neither party knew what amount of workers' compensation or no-fault benefits defendant would be obligated to pay, or whether any setoff of no-fault benefits would be required or possible. Defendant presumably sought to avoid paying benefits for good faith reasons. Such was its right. We believe, however, that in doing so defendant took the risk that it would be ultimately liable for no-fault benefits plus interest. In *Nash v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 568, 572; 327 NW2d 521 (1982), the insurer asserted that it was legally entitled to subtract Medicare benefits from its no-fault coverage, a position which proved to be unjustified, and the payments became overdue. In concluding that defendant owed plaintiff § 3142 interest, the Court held:

> Interest is owing because the defendant's defense is not recognized by § 3142(2). The plaintiff's right to interest is not dependent upon the pres-

---

[1] Defendant, however, has revived the one-year-back limitation issue in this appeal. Thus, it appears that plaintiff's entitlement to at least some of his no-fault benefits has only now been finally resolved, assuming the appellate process does not continue.

ence or absence of the insurer's good faith in rejecting a claim. A carrier rejects a claim at its own risk. It will owe interest if its interpretation of the statute proves to be erroneous.

See also *Manley v Detroit Automobile Inter-Ins Exchange,* 127 Mich App 444, 460; 339 NW2d 205 (1983), rev'd on other grounds 425 Mich 140, 148 n 4; 388 NW2d 216 (1986).

Having lost its gamble, we believe defendant must now pay § 3142 interest up to the time plaintiff's entitlement to both workers' compensation and no-fault benefits became final. The § 3109 offset for workers' compensation benefits is to be applied to the amount of no-fault benefits, penalty interest, and judgment interest owing at that time, which under the facts of this case was June 10, 1985.

Our disposition of this issue renders moot plaintiff's cross-appeal issue asserting no right to setoff of the workers' compensation benefits. Plaintiff also seeks several corrections of the October 7, 1985, judgment for typographical and mathematical errors. As our holding will necessitate a modification and recalculation of the judgment, necessary corrections can be made at that time. If necessary, the parties should also address at that time the application of the holding in *Gage v Ford Motor Co,* 423 Mich 250; 377 NW2d 709 (1985), concerning calculation of judgment interest. *Gage* was decided on November 13, 1985, after entry of the judgment in this case.

Affirmed and remanded for modification of the judgment and further proceedings consistent with this opinion.