KREIGHBAUM v AUTOMOBILE CLUB INSURANCE
ASSOCIATION

Docket No. 97329. Submitted July 28, 1987, at Grand Rapids. Decided
August 15, 1988.

Susan Kreighbaum, while driving along a rural road with her
two-year-old daughter, Holli, was accidently wounded in the
left leg by stray bullets fired by nearby deer hunters. Kreighb-
aum sought no-fault insurance benefits for her own injuries as
well as for psychological injuries suffered by her daughter upon
witnessing the incident. Kreighbaum's insurer, Automobile
Club Insurance Association, denied benefits, arguing that
Kreighbaum's injury did not arise out of the use of a motor
vehicle as a motor vehicle, as required by the no-fault act.
Kreighbaum, individually and as next friend of Holli Kreighb-
aum, filed suit against Automobile Club Insurance Association
in Cass Circuit Court seeking payment of the benefits. The
court, Michael E. Dodge, J., granted summary disposition in
favor of Auto Club, finding that plaintiff's injuries did not arise
out of the use of a motor vehicle for purposes of the no-fault
act. Plaintiff appealed.

The Court of Appeals held:

1. Although plaintiff's injuries needed to be directly related
to the involvement of her car in its character as a motor
vehicle, the car did not need to be the proximate cause of her
injuries so long as there was more than an incidental, fortu-
itous, or but for causal connection between plaintiff's injuries
and the ownership, maintenance, or use of the vehicle. The
causal connection between plaintiff's injuries and the owner-
ship, maintenance, or use of her vehicle was not merely fortu-
itous or incidental. The trial court erred in granting summary
disposition in favor of defendant.

2. Defendant's delay in paying no-fault benefits was reason-
able under the circumstances. Plaintiff is not entitled to twelve

REFERENCES
Am Jur 2d, Automobile Insurance §§ 340 et seq.
Automobile insurer's liability for statutory excess interest for de-
layed payment of no-fault claim. 14 ALR4th 761.

percent statutory penalty interest payment, attorney fees, or judgment interest.

Reversed.

1. INSURANCE — NO-FAULT — AUTOMOBILES.

A driver's act of slowing her automobile to avoid a collision with a deer which ran onto the road, thus putting her in a position where she could be hit by gunfire from hunters shooting at the deer, was causal connection between the driver's resultant injuries and her ownership, maintenance, or use of her vehicle sufficient to entitle her to no-fault automobile insurance benefits (MCL 500.3105[1]; MSA 24.13105[1]).

2. INSURANCE — NO-FAULT — DELAY IN PAYMENT — ATTORNEY FEES — INTEREST.

A no-fault insurer's delay in payment of benefits is not unreasonable where it is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty; in delays under such circumstances the insurer may not be charged for the plaintiff's attorney fees, statutory penalty interest, or judgment interest (MCL 500.3142[3], 500.3148[1], 600.6013; MSA 24.13142[3], 24.13148[1], 27A.6013).

*Conybeare Law Office, P.C.* (by *Bruce C. Conybeare* and *John C. Johnson*), for plaintiff.

*Gromek, Bendure & Thomas* (by *Nancy L. Bosh* and *Martha F. Mothershead*), for defendant.

Before: CYNAR, P.J., and WEAVER and J. H. HAUSNER,* JJ.

WEAVER, J. Plaintiff appeals as of right from an order of the Cass Circuit Court granting summary disposition in favor of defendant. We reverse.

I

When plaintiff and her two-year-old daughter were driving on a road next to a field on the opening day of deer hunting season, hunters fired their rifles at a buck near the road, causing the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

animal to run onto the road. Plaintiff upon seeing the deer slowed her car to avoid a collision, and when the hunters again fired their rifles at the deer, stray bullets passed through the door of plaintiff's car, severely injuring her left leg.

Plaintiff sued the defendant insurer under MCL 500.3105(1); MSA 24.13105(1), seeking no-fault benefit payments for her own injuries as well as for psychological injuries suffered by her daughter upon witnessing the incident. The circuit court granted summary disposition in favor of defendant insurer, finding that because plaintiff's injuries did not arise out of the "use" of a motor vehicle she was not entitled to first-party no-fault insurance benefits. Plaintiff appeals as of right.

II

Plaintiff first argues that, because her injuries arose out of the use of a motor vehicle within the meaning of the no-fault act, the circuit court erred when granting summary disposition as a matter of law in favor of defendant.

We agree. MCL 500.3105(1); MSA 24.13105(1) determines insurer liability for "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." Although plaintiff's injuries needed to be directly related to the involvement of her car in its character as a motor vehicle, the car did not need to be the proximate cause of her injuries so long as there was more than an "incidental, fortuitous or but for" causal connection between plaintiff's injuries and the ownership, maintenance, or use of her vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975).

This case is similar to two recent Court of

Appeals cases where the plaintiffs recovered no-fault benefits based on injuries caused by rocks or other objects being thrown at or dropped on cars, intentionally or otherwise, as the cars proceeded down the expressway. *Mann v DAIIE,* 111 Mich App 637, 639-640; 314 NW2d 719 (1981), lv den 414 Mich 903 (1982); *Saunders v DAIIE,* 123 Mich App 570, 572; 332 NW2d 613 (1983). Here, plaintiff was driving her car down a rural road on the opening day of deer hunting season. When plaintiff, behaving as any prudent driver would, slowed her car to avoid a collision when a deer ran onto the road, the car caused her to be put in a position where she could be hit by the hunters' gunfire. Hence the causal connection between plaintiff's injuries and the ownership, maintenance, or use of her vehicle was not merely fortuitous or incidental, and the trial court erred when prohibiting plaintiff's recovery under the no-fault act by granting summary disposition in favor of defendant.

### III

Plaintiff also argues that the defendant insurer's unreasonable delay in paying no-fault benefits entitles her to receive a twelve percent statutory interest penalty payment under MCL 500.3142(3); MSA 24.13142(3), attorney fees under MCL 500.3148(1); MSA 24.13148(1), and judgment interest under MCL 600.6013; MSA 27A.6013. See *Wood v DAIIE,* 413 Mich 573, 589; 321 NW2d 653 (1982).

We are unpersuaded by this argument. The existence of a legitimate issue involving interpretation of the no-fault statute at MCL 500.3105(1); MSA 24.13105(1) made it reasonable for the defendant insurer to delay payment pending resolution

of the question. *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464, 479; 357 NW2d 875 (1984), lv den 422 Mich 920 (1985).

Reversed.