GROSSHEIM v ASSOCIATED TRUCK LINES, INC

Docket No. 110781. Submitted June 15, 1989, at Detroit. Decided
September 14, 1989.

Ronald Grossheim, a Michigan resident employed by Associated
Truck Lines, Inc., a foreign corporation, was injured in Ohio
while operating a truck owned by Associated. The truck was
registered in Illinois and was not insured under Michigan's no-
fault act. Grossheim filed suit against Associated in Wayne
Circuit Court seeking no-fault benefits under the statutory
provision requiring that a nonresident owner or registrant of a
motor vehicle not registered in Michigan may not operate or
permit the vehicle to be operated in Michigan more than thirty
days in any calendar year unless security for the payment of
benefits is continuously maintained. Defendant claimed it was
not required to insure the truck in Michigan because the truck
had not been operated in Michigan for the thirty days required,
however defendant was unable to produce records indicating
the number of days the vehicle was used in Michigan in 1985,
the year plaintiff was injured. Plaintiff moved for summary
disposition, which the court, Henry J. Szymanski, J., granted.
Defendant appealed.

The Court of Appeals *held:*

1. Defendant's contention that the trial court erred by shift-
ing to it the burden of proving it was not liable under the
statute is without merit. Defendant was required to come
forward with some evidence, beyond its allegations or denials
in the pleadings, to establish the existence of a material fact in
dispute. It did not do so. The motion for summary disposition
was properly granted.

2. An adverse inference may be drawn against a party who
fails to produce evidence within its control. Since defendant
claimed there were no records, and offered no alternative proof

REFERENCES

Am Jur 2d, Automobile Insurance §§ 35, 345, 352; Evidence § 179;
Summary Judgment §§ 22-25, 27-29.

See the Index to Annotations under Attorneys' Fees; No-Fault
Insurance; Presumptions and Burden of Proof; Summary Judg-
ment.

at the motion hearing, the court could properly conclude that it would be impossible for defendant's claim to be supported at trial because of a deficiency of evidence.

3. The trial court properly awarded penalty interest under MCL 500.3142; MSA 24.13142.

4. The trial court did not err in awarding attorney fees to plaintiff. The trial court could properly conclude that defendant's delay in making benefit payments was unreasonable.

Affirmed.

REILLY, J., concurred in the result but wrote separately stating that once plaintiff provided uncontroverted evidence that the vehicle involved in the accident was owned by a nonresident and was not registered in Michigan the burden of proof shifted to defendant to show registration was not required under the no-fault act. By failing to produce records or alternative proof, defendant could not support its position that the vehicle was not operated in Michigan more than thirty days in the previous calendar year. The trial court properly granted summary disposition in favor of plaintiff.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT — BURDEN OF PROOF.

A party opposing a motion for summary disposition made on the basis that there is no genuine issue of material fact is required to come forward with some evidence, beyond its allegations or denials in the pleadings, to establish the existence of a material fact in dispute; where the party opposing the motion fails to produce any evidence, the motion for summary disposition is properly granted (MCR 2.116[C][10], 2.116[G][4]).

2. EVIDENCE — FAILURE TO PRODUCE EVIDENCE — INFERENCES.

An adverse inference may be drawn against a party who fails to produce evidence within its control.

3. INSURANCE — NO-FAULT — PENALTY INTEREST.

Payment of personal injury benefits under the no-fault act is overdue if not made within thirty days after the insurer receives reasonable proof of the fact, and the amount, of loss sustained; once a payment is overdue, penalty interest may be awarded on the payment, and there is no qualification under the statute for the good faith with which the insurer denies liability (MCL 500.3142; MSA 24.13142).

4. INSURANCE — NO-FAULT — PERSONAL INJURY BENEFITS — ATTORNEY FEES.

Attorney fees are awarded when a court finds that an insurer

unreasonably refused or delayed making proper payment of personal injury benefits under the no-fault act; refusal or delay in making payment is not unreasonable where the insurer demonstrates a legitimate question of statutory construction or constitutional law or a bona fide factual uncertainty (MCL 500.3148[1]; MSA 24.13148[1]).

*Marshall Lasser,* for plaintiff.

*Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *David J. Berge*), for defendant.

Before: MACKENZIE, P.J., and WEAVER and REILLY, JJ.

PER CURIAM. Defendant Associated Truck Lines (ATL) appeals as of right from an order granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff is a Michigan resident employed by ATL, a foreign corporation. Plaintiff was injured in Ohio while operating a truck owned by ATL. The truck was registered in Illinois and was not insured under Michigan's no-fault act.

At the time of plaintiff's injury, MCL 500.3102(1); MSA 24.13102(1) provided:

A nonresident owner or registrant of a motor vehicle not registered in this state shall not operate or permit the vehicle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits.

ATL claimed it was not required to insure the truck in Michigan because the truck had not operated in Michigan for the thirty days required. MCL 500.3102(1); MSA 24.13102(1). The trial court granted plaintiff's motion for summary disposition.

Defendant maintains that the trial court erred

by shifting the burden of proof to it to prove it was not liable under the statute. We find this contention without merit. Under MCR 2.116(G)(4), defendant is required to come forward with some evidence, beyond its allegations or denials in the pleadings, to establish the existence of a material fact in dispute. It did not do so. Where the party opposing the motion fails to produce any evidence, the motion for summary disposition is properly granted. *Boyle v Odette,* 168 Mich App 737; 425 NW2d 472 (1988); *Young v Oakland General Hospital,* 175 Mich App 132, 137-138; 437 NW2d 321 (1989).

Furthermore, under Michigan law, an adverse inference may be drawn against a party who fails to produce evidence within its control. *Dauer v Zabel,* 19 Mich App 198, 212; 172 NW2d 701 (1969); *Griggs v Saginaw & F R Co,* 196 Mich 258, 265-266; 162 NW 960 (1917). See also SJI2d 6.01. Since defendant claimed there were no records, and offered no alternative proof at the motion hearing, the trial court could properly conclude that it would be impossible for defendant's claim to be supported at trial because of a deficiency of evidence. *Boyle, supra.* Therefore, summary disposition was warranted.

Defendant contends that the trial court improperly awarded penalty interest under MCL 500.3142; MSA 24.13142. We disagree. Such interest is awarded when benefit payments become overdue. Payments are overdue if not paid within thirty days after an insurer receives reasonable proof of the fact, and amount, of loss sustained. There is no qualification under the statute for the good faith with which the insurer denies liability. *Johnston v DAIIE,* 124 Mich App 212, 216; 333 NW2d 517 (1983), lv den 417 Mich 1100.26 (1983); *Joiner v Michigan Mutual Ins Co,* 161 Mich App

285; 409 NW2d 808 (1987). Therefore, regardless of the good faith with which defendant denied liability, once it received reasonable proof of plaintiff's injury and losses, it was liable for the statutory interest on overdue payments.

Defendant also claims error in the awarding of attorney fees to plaintiff. Attorney fees are awarded when the court finds the insurer unreasonably refused or delayed making proper payment of benefits. A lower court's finding of unreasonable refusal or delay in making payment will not be disturbed on appeal unless clearly erroneous. *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981), lv den 411 Mich 1079 (1981); *Darnell v Auto-Owners Ins Co,* 142 Mich App 1, 11; 369 NW2d 243 (1985). Refusal or delay in making payment is not unreasonable where the insurer demonstrates a legitimate question of statutory construction or constitutional law or a bona fide factual uncertainty, *Wood v DAIIE,* 99 Mich App 701, 708; 299 NW2d 370 (1980), aff'd with modifications 413 Mich 573; 321 NW2d 653 (1982).

Plaintiff presented evidence that defendant kept daily records of where its trucks were operating. Defendant claimed it had no records for the year in question. Plaintiff's claim for no-fault benefits was made less than seven months after the injury was sustained. The trial court could properly conclude, from defendant's lack of evidence, that no bona fide factual uncertainty was demonstrated and that the delay in making benefit payments was unreasonable.

Affirmed.

REILLY, J. *(concurring).* I concur in the result. Once the plaintiff-appellee provided uncontroverted evidence that the vehicle involved in the accident was owned by a nonresident and not

registered in Michigan, the burden of proof shifted to the defendant-appellant to show registration was not required under the no-fault act. MCL 500.3102; MSA 24.13102 must be interpreted to impose the burden on the nonresident owner or registrant of the vehicle which is not registered in Michigan to maintain records to support the claim that the vehicle had not been operated in Michigan for more than thirty days in the previous calendar year. To impose that burden of proof on the victim of an accident in which the nonregistered vehicle is involved would be ludicrous. Having failed to produce records or alternative proof, it is apparent that Associated Truck Lines cannot support its position that its vehicle was not operated in Michigan more than thirty days in the previous calendar year. Under these circumstances the trial court properly granted plaintiff summary disposition pursuant to MCR 2.116(C)(10).