DAVIS v CITIZENS INSURANCE COMPANY OF AMERICA

Docket Nos. 130815, 133019. Submitted February 5, 1992, at Lansing.
Decided August 3, 1992, at 9:55 A.M.

Emily L. Davis, who was rendered paraplegic following an auto-
mobile accident, brought an action in the Branch Circuit Court
against Citizens Insurance Company of America, her no-fault
insurer, seeking, as personal injury protection benefits, the cost
of acquiring a van modified for her use, and for mileage
incurred in the use of the van. Following a bench trial, the
court, Michael H. Cherry, J., entered judgment for the plaintiff,
but subsequently denied her request for penalty interest. The
defendant appealed the award of no-fault benefits, and the
plaintiff appealed the denial of penalty interest. The appeals
were consolidated.

The Court of Appeals *held:*

2. Penalty interest under MCL 500.3142(3); MSA 24.13142(3)
must be assessed when a no-fault insurer refuses to pay bene-

REFERENCES

Am Jur 2d, Automobile Insurance § 344.

Automobile insurer's liability for statutory excess interest for de-
layed payment of no-fault claim. 14 ALR4th 761.

What constitutes bad faith on part of insurer rendering it liable for
statutory penalty imposed for bad faith in failure to pay, or delay
in paying, insured's claim. 33 ALR4th 579.

fits and is later determined to be liable, irrespective of the insurer's good faith in denying coverage. On remand, the trial court must determine the amount of penalty interest due the plaintiff.

Affirmed in part, reversed in part, and remanded.

GRIFFIN, J., concurring, stated that the trial court did not clearly err in its findings with respect to the reasonable necessity for the van under the circumstances of this case, but cautioned that the goal of the no-fault act is to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses, not windfalls.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE.

A person who is rendered a paraplegic in a motor vehicle accident may recover, as personal injury protection benefits, the cost of acquiring a van modified for use by a paraplegic where the cost is reasonable and the van is reasonably necessary to enable the person to receive continued medical treatment (MCL 500.3107[a]; MSA 24.13107[a]).

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — PENALTY INTEREST.

Penalty interest must be assessed against a no-fault insurer who refuses to pay benefits and is later determined to be liable for those benefits, irrespective of the insurer's good faith in denying coverage (MCL 500.3142[3]; MSA 24.13142[3]).

*Sloan, Newton, Stevens & Yokom* (by *Gary C. Newton*), for the plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), and *Potter & Hamilton* (by *Janet L. Hamilton*), for the defendant.

Before: HOLBROOK, JR., P.J., and GRIFFIN and MARILYN KELLY, JJ.

HOLBROOK, JR., P.J. Plaintiff filed an action in the Branch Circuit Court against defendant for no-fault benefits after an automobile accident rendered her a paraplegic. In Docket No. 130815, defendant appeals as of right a June 26, 1990, judgment awarding plaintiff $24,527, which is the

purchase price of a van modified for use by a person in a wheelchair, as well as documented mileage for the use of the van. In Docket No. 133019, plaintiff appeals as of right a September 6, 1990, order denying the imposition of penalty interest on the benefits under MCL 500.3142; MSA 24.13142. This Court consolidated these appeals by order dated November 8, 1990.

On April 28, 1988, plaintiff was a passenger in an automobile that was struck by a truck. At that time, defendant was plaintiff's no-fault carrier. The accident rendered plaintiff a paraplegic. She is presently confined to a wheelchair. Plaintiff requested that defendant purchase a van modified for use by a person in a wheelchair, but defendant refused, offering instead to pay for the renovation of a van and mileage. Plaintiff then purchased a van modified for use by a person in a wheelchair at a cost of $24,527.

Following a bench trial, the circuit court held that the purchase price of the modified van was a reasonable and necessary expense under the personal injury protection benefits provisions of the no-fault act, MCL 500.3107(a); MSA 24.13107(a). The court reasoned that the van was necessary for plaintiff to lead as full and complete a life as possible given her physical limitations. The court noted that the ambulance service provided by the county would provide only medical transportation. Further, the court found that the public transportation system was geographically limited to the county.

After the court entered the order of judgment, plaintiff filed a bill of costs, which included $4,565.31 in no-fault penalty interest. The trial court denied the request for penalty interest. The court reasoned that the primary obligation under the no-fault act was the immediate payment of

medical costs, and that any carrier refusing to reasonably and promptly pay those costs runs the risk of the statutory penalty interest. Because the amount sought by plaintiff arose from defendant's refusal to purchase the van and not a refusal to pay medical costs, the court refused to impose the statutory penalty interest.

Defendant argues on appeal that it is not liable for the purchase price of the van and a mileage fee when there is alternative transportation available for plaintiff. Defendant contends that the van is primarily used by plaintiff's family for personal use rather than for plaintiff's medical needs. On the other hand, plaintiff argues that a van is reasonably necessary for her care and recovery. She implores us to read the statute liberally to reach its intended result of providing relief for her injury. According to plaintiff, providing transportation for her daily requirements is defendant's responsibility under the no-fault act.

The payment of personal injury protection benefits under the no-fault act includes payment of the following:

> Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. [MCL 500.3107(a); MSA 24.13107(a).]

Three factors must be met for an item to be considered an "allowable expense" under the statute: (1) the charge must be reasonable; (2) the expense must be reasonably necessary; and (3) the expense must be incurred. *Nasser v Auto Club Ins Ass'n,* 435 Mich 33, 50; 457 NW2d 637 (1990), citing *Manley v DAIIE,* 425 Mich 140, 169; 388 NW2d 216 (1986); *Moghis v Citizens Ins Co of*

*America,* 187 Mich App 245, 247; 466 NW2d 290 (1991). The burden of proof regarding whether a particular expense is reasonable and necessary lies with the plaintiff. *Nasser,* pp 49-50. Whether a van modified for use by a paraplegic is an allowable expense is an issue of first impression.

In *Sharp v Preferred Risk Mutual Ins Co,* 142 Mich App 499, 510-512; 370 NW2d 619 (1985), this Court held that rental expenses were allowable expenses under the no-fault act. The trial court in *Sharp* had held that the plaintiff was entitled to the difference between what apartment rent would cost him if he were uninjured and the more expensive apartments he actually rented. *Id.,* p 510. This Court reversed, ruling that the trial court had construed the rule of law in *Manley v DAIIE,* 127 Mich App 444; 339 NW2d 205 (1983), rev'd 425 Mich 140; 388 NW2d 216 (1986), too narrowly. The Court in *Sharp* concluded that as long as larger and better equipped housing was required for the injured person than would be required for the uninjured person, the full cost was an allowable expense. 142 Mich App 511.

In this case, the cost of the van was reasonable, and obviously the expense was incurred. We also find that the van was reasonably necessary. Transportation is as necessary for an uninjured person as for an injured person. However, the modified van is necessary in this case given the limited availability of alternative means of transportation. The ambulance service is limited to Branch County, traveling outside the county two or three times a week. Although this service is available twenty-four hours a day, seven days a week, advance notice is preferred for clients who, like plaintiff, reside more than five miles from town. Moreover, because the ambulance service is the only one in the county, transportation could be

delayed or unavailable because of medical emergencies. The local transit authority provides door-to-door service to clients who make advance reservations, but it is unavailable during evenings. The van allows plaintiff to travel outside the county for medical purposes and vacations. In addition, the van was reasonably necessary according to plaintiff's treating physician. He testified that when he discharged plaintiff, one of the requirements was that plaintiff use a van for her transportation, allowing her the independence to go to work. Under these circumstances, we find that the modified van is an allowable expense.

We also conclude that the trial court erred in ordering defendant to pay for all of the van's documented mileage. Mileage for personal use is as necessary for an injured person as for an uninjured person. However, we do consider mileage incurred for medical treatment an allowable expense. Accordingly, we remand to the trial court to determine the travel expenses actually incurred for the purpose of obtaining medical treatment. See *Neumann v State Farm Mutual Automobile Ins Co,* 180 Mich App 479, 486; 447 NW2d 786 (1989); *Swantek v Automobile Club of Michigan Ins Group,* 118 Mich App 807, 809-810; 325 NW2d 588 (1982).

Finally, we agree with plaintiff that she is entitled, under MCL 500.3142(3); MSA 24.13142(3), to interest on the award of personal injury protection benefits. Penalty interest must be assessed against a no-fault insurer if the insurer refused to pay benefits and is later determined to be liable, irrespective of the insurer's good faith in not promptly paying the benefits. *Clute v General Accident Assurance Co of Canada,* 179 Mich App 527, 539; 446 NW2d 839 (1989); *Bach v State Farm Mutual*

*Automobile Ins Co,* 137 Mich App 128, 131-132; 357 NW2d 325 (1984).

Defendant, relying upon *Kreighbaum v Automobile Club Ins Ass'n,* 170 Mich App 583; 428 NW2d 718 (1988), argues that the trial court correctly refused to award penalty interest because defendant reasonably believed that the benefit was not payable. The plaintiff in *Kreighbaum* sought penalty interest, as well as attorney fees and judgment interest, under the no-fault act. The Court in *Kreighbaum* denied the request, citing *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464, 479; 357 NW2d 875 (1984). However, when *Joiner* again came before this Court on this specific issue, this Court held that penalty interest is triggered when the personal injury protection benefits become overdue with no exception for the good faith of the insurer in denying liability. *Joiner v Michigan Mutual Ins Co,* 161 Mich App 285, 292; 409 NW2d 808 (1987). Consequently, an insurer's good faith in withholding payment of benefits is relevant in awarding attorney fees under the act, but is irrelevant to liability under the penalty interest statute. *Grossheim v Associated Truck Lines, Inc,* 181 Mich App 712, 715-716; 450 NW2d 40 (1989); *Bloemsma v Auto Club Ins Ass'n,* 174 Mich App 692, 698; 436 NW2d 442 (1989), (*After Remand*), 190 Mich App 686; 476 NW2d 487 (1991); *Bach,* p 132. On remand, the trial court shall determine the amount of penalty interest due plaintiff.

The trial court's decision regarding its order granting plaintiff the cost of the modified van is affirmed. We vacate that part of its decision ordering defendant to pay for all of the van's documented mileage, and remand for further proceedings concerning the issue of penalty interest. We do not retain jurisdiction.

Affirmed in part, reversed in part, and remanded.

MARILYN KELLY, J., concurred.

GRIFFIN, J. *(concurring)*. I concur in the judgment. I write separately to emphasize the limited scope of our affirmance.

The other no-fault jurisdictions that have considered the issue whether a specially equipped van is a reasonably necessary medical expense under their no-fault acts have done so with mixed results. In *Stewart v Allstate Ins Co,* 103 NJ 139; 510 A2d 1131 (1986), the New Jersey Supreme Court held that the cost of a specially modified van is a medical expense covered by the personal injury protection provisions of the New Jersey Automobile Reparation Reform Act. However, the Superior Court of Pennsylvania in *Langan v Harleysville Ins Co,* 376 Pa Super 372; 546 A2d 75 (1988), refused to follow *Stewart* and construed its former no-fault act much more restrictively. The majority of the Pennsylvania appellate court held that a specially equipped van is an allowable medical expense under the Pennsylvania no-fault act only if it is proved that "such a vehicle is the most economical and *only* feasible method of transporting the injured person 'to secure medical and vocational rehabilitation services' and that the vehicle will be used *solely* for this purpose." *Id.* at 378. Emphasis added. Both cases involved rulings on motions for summary judgment.

In the present case, Branch Circuit Judge Michael H. Cherry refused to grant summary disposition to either party on the basis that the issue was one for the trier of fact. At the conclusion of a nonjury trial, Judge Cherry found the van at issue to be a reasonable medical transportation expense

necessary to accommodate plaintiff's accident-related handicap. On appeal, defendant argues that Judge Cherry erred in finding the public transportation system in Branch County to be inadequate to serve the plaintiff's medical needs. I join the majority in affirming because I cannot conclude that the trial court's finding of fact was clearly erroneous. MCR 2.613(C). As noted by the trial court, the Branch County Transportation Service is limited geographically to Branch County. Plaintiff's doctors, however, practice in neighboring Kalamazoo County. Defendant's position that plaintiff should utilize an ambulance service to be transported out of the county was determined to be unreasonable by the lower court. This finding is not clearly erroneous and therefore must be affirmed.

An important but unpreserved issue is the measure of plaintiff's damages. At trial and on appeal, defendant simply argued that it was not responsible for a specially equipped van or, in the alternative, that it was liable only for the cost of converting a van to special paraplegic use. Defendant apparently overlooks the fact that before the accident, plaintiff and her husband owned two vehicles. The van at issue replaced a vehicle that plaintiff operated before the accident. In my view, the lower court erred in requiring defendant to bear one hundred percent of the initial purchase price of the van. Rather, when the necessary product is a replacement, the measure of damages should be the difference between the cost of the new product and the value of the previously owned product. Additionally, defendant should be afforded a lien on the van and, before its purchase, be given an option to lease such a vehicle or to purchase it in monthly installments. Under appropriate circumstances, an insurer should have the

alternative to contract with a transportation authority to provide for all of its insured's medical transportation needs on a twenty-four hour basis.

While *Manley v DAIIE,* 127 Mich App 444; 339 NW2d 205 (1983), rev'd 425 Mich 140; 388 NW2d 216 (1986), may have construed the no-fault act too restrictively, *Sharp v Preferred Risk Mutual Ins Co,* 142 Mich App 499; 370 NW2d 619 (1985), appears to construe it too broadly. Surely, if the plaintiff in *Sharp* had owned a condominium or a home before his injury, this Court would not require a defendant no-fault insurer to bear the full cost of purchasing a new residence without a deduction or setoff of the plaintiff's previous home ownership interest. The goal of the no-fault act is "to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Attorney General,* 402 Mich 554, 579; 267 NW2d 72 (1978). Reparation for actual damages is provided; windfalls are not. See, e.g., *Thompson v DAIIE,* 418 Mich 610, 619; 344 NW2d 764 (1984) (opinion by LEVIN, J.), and *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146; 350 NW2d 233 (1984).

In my view, plaintiff's transportation damages caused by the accident are in part the difference between the cost of the specially equipped van and the value of plaintiff's previous vehicle. However, because this measure of damages was neither argued nor preserved by defendant, I concur with the majority.

I join in Judge HOLBROOK's opinion with respect to the other issues.