# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 22, 2010

Marilyn Kelly,
Chief Justice

137672

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SHAUN BONKOWSKI,
            Plaintiff-Appellant,

v                                                             SC: 137672
                                                              COA: 273945
                                                              Oakland CC: 2001-035172-NF

ALLSTATE INSURANCE COMPANY,
            Defendant-Appellee.
_____/

On November 5, 2009, the Court heard oral argument on the application for leave to appeal the October 2, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I respectfully dissent from the Court's order denying plaintiff's application for leave to appeal. Because I question whether the Court of Appeals properly interpreted MCL 500.3142, I would grant leave to appeal.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff sustained severe brain and spinal cord injuries after being struck by a car. His father underwent training to provide skilled, multidisciplinary support to his injured son, and has since provided 24-hour care, seven days per week.

Defendant, plaintiff's no-fault insurer, paid attendant care benefits to plaintiff's father at the rate of $19 per hour. Plaintiff contended that his father was entitled to a higher hourly rate because of the specialized care he provided. A jury agreed and awarded plaintiff roughly $1.3 million in attendant care benefits not already paid by defendant. It also awarded approximately $350,000 in no-fault penalty interest under MCL 500.3142, for a total verdict of approximately $1.7 million. The trial court entered a final judgment of over $2.5 million, including costs and no-fault attorney fees, and over $500,000 in interest under the Revised Judicature Act (RJA) provision for interest on money judgments, MCL 600.6013. The court declined to award plaintiff additional attorney fees and denied his request for 12 percent penalty interest under § 3412 for the

period ending with satisfaction of the judgment.  The trial judge also denied defendant's motion for judgment notwithstanding the verdict.

In a published opinion, the Court of Appeals affirmed the denial of defendant's motion for judgment notwithstanding the verdict, thus leaving the jury verdict intact.  Germane to this appeal, the Court of Appeals also affirmed the trial court's denial of penalty interest under § 3142.  The Court of Appeals reasoned that interest awarded under § 3142 is a substantive element of damages.  Once a judgment has been entered, it concluded, postjudgment interest is limited to the interest rate applicable under the RJA.[1]  It further noted that nothing in the no-fault act supports the conclusion that a trial court is authorized to enhance an award of substantive damages.  Instead, the Court held that postjudgment interest is permissible only under the RJA.

ANALYSIS

Plaintiff argues that the Court of Appeals erred in holding that 12 percent penalty interest under § 3412 does not continue to accrue until the judgment is satisfied.

Section 3412 provides:

> (1) Personal protection insurance benefits are payable as loss accrues.
>
> (2) Personal protection insurance benefits are overdue *if not paid* within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained.  If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue *if not paid* within 30 days after the proof is received by the insurer.  Any part of the remainder of the claim that is later supported by reasonable proof is overdue *if not paid* within 30 days after the proof is received by the insurer.  For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.
>
> (3) An overdue payment bears simple interest at the rate of 12% per annum.  [Emphasis added.]

Whether § 3142 permits interest to accrue postjudgment is a question of statutory interpretation.  The primary goal of statutory interpretation is to give effect to the intent of the Legislature.[2]  The first step in ascertaining such intent is to focus on the language

---

[1] In this case, MCL 600.6013(8) provides the means for calculating the applicable interest rate.

[2] *Petersen v Magna Corp*, 484 Mich 300, 307 (2009) (opinion by KELLY, C.J.).

of the statute itself.[3]  In its analysis of § 3142, the Court of Appeals utterly failed to consider the language of the statute.  The Court instead focused exclusively on extra-statutory considerations, such as unrelated interest provisions of the RJA, the general rule of merger and judgments, and its disapproval of the Court of Appeals decision in *Johnston v DAIIE*.[4]  I believe that this Court should consider whether the Court of Appeals failure to analyze and apply the language of § 3142 was fatal to its holding.

Subsection (2) of § 3142 plainly provides that "personal protection insurance benefits are overdue *if not paid* within 30 days . . . ."  Thus, the operative language of the statute dictates that benefits are overdue until they are actually paid.  The statute makes no reference to the date of entry of a judgment as controlling whether a party is entitled to penalty interest.  Plaintiff argues that the Court of Appeals erred in concluding that § 3142 precludes an award of postjudgment interest.  In essence, plaintiff asserts, the Court of Appeals usurped the power of the Legislature by replacing the words "if not paid within 30 days . . ." with "until a judgment is entered."  It is plaintiff's position that the Legislature could have used the entry of a judgment as the relevant benchmark for determining when benefits are no longer overdue, but it chose not to do so.  Instead it used actual payment as the time at which benefits cease to be overdue.

Moreover, plaintiff asserts that § 3142(2) clearly indicates how overdue benefits lose their "overdue" status.  That subsection states that "for the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the . . . mail . . . ."  Therefore, it seems that until such mailing is made, payment remains overdue and continues to "bear[] simple interest at a rate of 12% per annum" pursuant to § 3142(3).  Again, the statute contains no language indicating that entry of a judgment renders unpaid benefits no longer overdue.

In *Johnston*, the plaintiffs brought suit seeking overdue no-fault benefits from the defendants.  The trial court entered summary disposition in favor of the plaintiffs and the defendants appealed.  The Court of Appeals held that the plaintiffs may recover interest on the overdue benefits under both § 3142 and § 6013, the applicable judgment interest provision of the RJA.  The Court noted that the purpose of the judgment interest statute is to compensate the prevailing party for the expense of bringing an action and the delay in receiving money damages.  It noted that the 12 percent interest provision of § 3142 is intended to penalize a recalcitrant insurer, not compensate a claimant.  Accordingly, the Court of Appeals explicitly recognized that the interest provisions of the RJA and no-fault act are not mutually exclusive.

---

[3] *Id.*

[4] *Johnston v DAIIE*, 124 Mich App 212 (1983).

*Johnston* also held that 12 percent interest under § 3142 is to be assessed "until the judgment is satisfied."[5]  The Court of Appeals engaged in a thorough analysis of the interest that the plaintiff was entitled to in that case, holding:

> [T]he plaintiff is entitled to the following interest on his overdue no-fault personal protection benefits: interest at 12% per annum from the time his benefits became overdue on December 12, 1978, until the day before he filed his complaint on February 23, 1979; interest at 18% per annum from February 23, 1979 until June 1, 1980; and interest at 24% per annum from June 1, 1980, *until the judgment is satisfied*. [Emphasis added.][6]

Plaintiff argues that *Johnston* strongly supports the proposition that § 3142 interest continues to accrue postjudgment.  Likewise, the Court of Appeals in this case failed to take into consideration *Johnston*'s explicit recognition of the purpose of judgment interest under the RJA and penalty interest under § 3142.

CONCLUSION

In sum, I believe this Court should grant leave to appeal to more thoroughly consider whether § 3142 interest continues to accrue postjudgment.  The Court of Appeals analysis ignores the statutory language and the persuasive holding of *Johnston* that § 3142 interest accrues postjudgment.

HATHAWAY, J., would grant leave to appeal.

---

[5] *Id*. at 215.

[6] To fully understand the implication of this holding, it may be easier to break down the interest award.  The first award of interest at 12 percent from the day benefits became overdue until the filing of the complaint is simply § 3142 interest of 12 percent on overdue benefits.  The second award of 18 percent interest amounts to § 3142 interest of 12 percent plus 6 percent interest under the RJA.  The third award of 24 percent interest is § 3142 interest of 12 percent plus 12 percent RJA interest.  *Johnston* applied § 6013(2) of the RJA because of the date on which the complaint in that case was filed.  Section 6013(2) does not apply to this case.  However, in order to properly understand the Court of Appeals interest award in *Johnston*, it is important to note that § 6013(2) is analogous to § 6013(8), which applies in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 22, 2010

0119

Clerk