HATHAWAY, J.
(dissenting). This Court granted leave to examine whether MCL 500.3135(3)(c) permits recov *198 ery of expenses in excess of the limitations contained in MCL 500.3107 to MCL 500.3110 for “ordinary and necessary services”[1] under the no-fault act in a third-party tort action. Despite the fact that nothing in the no-fault act governing “ordinary and necessary services” has changed since 1991, the majority casts aside the well-established interpretation of MCL 500.3135(3)(c) and now holds that excess expenses for “ordinary and necessary services” are no longer recoverable. The majority’s decision is especially troubling because it ignores the obvious intent of the Legislature and, in doing so, creates conflicting and illogical rules regarding the collection of no-fault benefits. Because I see no compelling reason to impose this quagmire on the no-fault system, I respectfully dissent.
The general rule in third-party tort actions is that only noneconomic expenses are recoverable. However, certain statutory exceptions to this general rule exist. The issue before us is whether excess expenses for “ordinary and necessary services,” payable under MCL 500.3107(1)(c), qualify as a designated exception. MCL 500.3135(3)(c) governs this issue. It provides:
(3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101] was in effect is abolished except as to:
(c) Damages for allowable expenses, work loss, and survivor’s loss as defined in [MCL 500.3107 to 500.3110] in excess of the daily, monthly, and 3-year limitations con *199 tained in those sections. The party liable for damages is entitled to an exemption reducing his or her liability by the amount of taxes that would have been payable on account of income the injured person would have received if he or she had not been injured. [Emphasis added.]
Under this subdivision, “[d]amages for allowable expenses, work loss, and survivor’s loss as defined in [MCL 500.3107 to 500.3110] in excess of the daily, monthly, and 3-year limitations contained in those sections”[2] may be recovered in a third-party action. The majority holds that because expenses payable for ordinary and necessary services under MCL 500.3107(1)(c)[3] is a separate category of expenses that is not specifically referred to in MCL 500.3135(3)(c), excess expenses for those services are no longer recoverable in a third-party tort action. I disagree. When the language of these provisions is read in concert with the no-fault act as a whole, it is clear that the majority misconstrues the language of the subdivisions involved and interprets them in a manner that is not consistent with the legislative intent.
The most important task in interpreting a statute is to determine the legislative intent,[4] and “consideration of the whole act should govern in its interpretation.”[5] Thus, at the outset, it is our duty to determine if the *200 Legislature intended to include “ordinary and necessary services” expenses within the purview of MCL 500.3135(3)(c). Moreover, in order to give due respect to the Legislature, statutes “ ‘must be construed to prevent absurd results . . . ”[6] When the no-fault act is read as a whole,[7] it is clear that the Legislature intended to allow recovery of excess “ordinary and necessary services” expenses in tort actions. To interpret MCL 500.3135(3)(c) as the majority does requires a systematic dismantling of significant sections of the no-fault act and produces absurd results.
It is undisputed that, before the enactment of 1991 PA 191, expenses for excess ordinary and necessary services were recoverable in a third-party tort action. Before the statute was amended, “ordinary and necessary services” were part of “work loss” damages as defined in MCL 500.3107(b), as added by 1972 PA 294. Swantek v Automobile Club of Michigan Insurance Group[8] interpreted that version of MCL 500.3107(b) and found that the Legislature clearly intended that *201 excess expenses for ordinary and necessary services be recoverable in a third-party tort action. The Court explained:
Under the no-fault act, an insured may collect from his insurer for limited economic loss, i.e., work loss, [ordinary and necessary] services, and medical and funeral expenses without regard to fault. MCL 500.3105(2), 500.3107. An insured may also sue the negligent tortfeasor for excess economic loss. MCL 500.3135(2)(c). It is clear that the Legislature has divided an injured person’s economic loss into two categories: loss for which the no-fault insurer is liable and loss for which the tortfeasor is liable.
The right of action against the tortfeasor for excess economic loss exists in all categories in which the insurer’s liability is limited by the statute: work loss, funeral cost, and [ordinary and necessary] services.[9]
In 1991 PA 191, the Legislature separated expenses for “ordinary and necessary services” from “work loss,” moving them from former MCL 500.3107(b) into a newly numbered subsection, MCL 500.3107(1)(c). Notably, the Legislature did not amend any other corresponding provisions within the no-fault act to reflect that it intended to create a new hybrid category of benefits with different rules applicable to the recovery of those expenses. In other words, there is no language in 1991 PA 191 that implies or suggests that the Legislature intended that ordinary and necessary services be treated differently before and after the amendment.[10] While the majority finds that the absence of such language in the no-fault act creates án “obvious tension,” resulting in a “difficult interpretive task,”[11] I *202 disagree. The 1991 amendment was not complex, nor does it require a difficult interpretive task. One need only consider the purpose of the amendment and interpret the provision in a manner that is consistent with the no-fault act as a whole to come to the inescapable conclusion that the majority simply misconstrues this statutory provision and in doing so disregards legislative intent.
The amendment of MCL 500.3107 by 1991 PA 191 was only intended to make changes with regard to work-loss benefits for persons over the age of 60. The amendatory act added MCL 500.3107(2), which allowed persons 60 years of age or older to waive coverage for work-loss benefits by signing a waiver on a form provided by the insurer. Nothing in the legislative history indicates that any change was intended with respect to the recovery of excess expenses in third-party tort actions. The house legislative analysis explained:
The bill would amend Chapter 31 of the Insurance Code, which deals with no-fault automobile insurance, to allow people 60 years of age and older to waive coverage for work loss benefits if they would not be eligible to receive them in the event of an accidental bodily injury (in an auto accident). ... The waiver of coverage would only apply to benefits payable to the person or persons who had signed the waiver form.
Currently, work loss benefits cover 1) the loss of income from work ... and 2) expenses up to $20 per day incurred in obtaining ordinary and necessary services in lieu of those the injured person would have performed for himself or herself, or for a dependent, during the three years following injury. .. . The waiver of work loss benefits permitted under the bill would only apply to loss of income from work. [House Legislative Analysis, HB 4041, January 14, 1992, p 1.]
*203 Thus, nothing in the language of the statute itself or in the legislative history supports the assertion that the Legislature intended to change the way that ordinary and necessary services were treated merely because benefits for expenses for those services were separated from benefits for lost work income. The only change intended was providing a mechanism for individuals over the age of 60 to reduce their premiums by waiving work-loss benefits.
I also find the majority’s analysis of the text of MCL 500.3135(3)(c) lacking because it fails to consider all the language in the provision. The majority insists that the phrase “allowable expenses” in MCL 500.3135(3)(c) can only be read as having the same precise meaning as the phrase “allowable expenses” has in MCL 500.3107(1)(a). However, the full language of MCL 500.3135(3)(c) allows recovery in third-party tort actions of “[d]amages for allowable expenses, work loss, and survivor’s loss as defined in [MCL 500.3107 to 500.3110] in excess of the daily, monthly, and 3-year limitations contained in those sections.” (Emphasis added.) The majority’s reading of the text ignores the balance of that sentence, which specifically provides that only those expenses that are in excess of the prescribed limitations are recoverable. The prescribed limitations are “daily, monthly, and 3-year limitations.” The majority’s analysis seemingly ignores the fact that there are no daily, monthly, or three-year limitations imposed on “allowable expenses” as enumerated in MCL 500.3107(1)(a). Under the majority’s interpretation, the phrase “allowable expenses” within MCL 500.3135(3)(c) would be rendered meaningless because there are no allowable expenses, as enumerated in MCL 500.3107(1)(a), in excess of the “daily, monthly or 3-year limitations.” Such damages simply do not exist.
*204 Thus, the more logical interpretation of the text of MCL 500.3135(3)(c) is that it permits recovery of any excess expense, as long as the expense is “allowed” under the no-fault act and is subject to a daily, monthly, or three-year limitation. This interpretation is not new or novel; rather, it has been used by insureds and insurers since the adoption of the no-fault act. It is obvious that this interpretation is consistent with the scheme and organization of the no-fault act. Moreover, I cannot agree with the majority that the phrase “allowable expenses” as used in MCL 500.3135(3)(c) has been an “empty vessel” since it was enacted.[12] The majority simply fails to acknowledge that the phrase had meaning until today, and it is only under the majority’s new interpretation of this subdivision that the phrase becomes meaningless.
Further, the majority’s interpretation transforms expenses for ordinary and necessary services into some type of phantom category of benefits, subject to no discernible rules. This illogical and absurd outcome is best illustrated by understanding the chaotic consequences that will result from the majority’s sudden departure from the historical rule.[13] For example, if expenses for excess ordinary and necessary services are no longer recoverable in tort actions simply because they are not specifically referred to in MCL 500.3135(3)(c), then it is also necessary to conclude that claims for “ordinary and necessary services” do not accrue when they are incurred as set forth in MCL 500.3110(4) because that provision also does not spe *205 cifically refer to “ordinary and necessary services.”[14] Thus, insureds and insurers are left with no guidance at all regarding when these benefits accrue.
Similarly, this newly crafted interpretation of MCL 500.3135(3)(c) significantly affects the mandates of MCL 500.3145(1), which provides:
An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor’s loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to he entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis added.]
Under the majority’s analysis of MCL 500.3135(3)(c), expenses for ordinary and necessary services are no longer subject to the second sentence of MCL 500.3145(1) because those expenses are not specifically referred to. In practical terms, does this mean that the *206 time for filing a lawsuit to recover expenses for ordinary and necessary services is now governed only by the first sentence of MCL 500.3145(1), and that a lawsuit must be brought within one year from the date of an accident without regard to whether the benefits are overdue or the services have even been performed? Additionally, MCL 500.3107(l)(c) provides for the payment of PIP benefits for expenses incurred in obtaining ordinary and necessary services for the first three years after the date of the accident. Is the majority suggesting that'the final two years of services cannot be recovered in a lawsuit, or is the majority suggesting that an injured party wishing to preserve his or her rights must bring a lawsuit even before services are rendered? It is hard to imagine a more chaotic, illogical, and absurd system for insureds and insurers to navigate.[15]
I can see no logical basis to conclude that the Legislature intended this chaotic and arbitrary approach to the collection of no-fault benefits. It is our duty to interpret statutes in accordance with legislative intent, using sound logic and reasoning. The far more reasonable interpretation recognizes that the Legislature intended MCL 500.3135(3)(c) to allow excess expenses for ordinary and necessary services to be recovered in a third-party tort action.
Moreover, it is also important to recognize that the notion of expenses for ordinary and necessary services being recoverable in third-party tort actions is so well established and universally accepted that it has been incorporated into our Model Civil Jury *207 Instructions. M Civ JI 36.15 explicitly recognizes the previously undisputed rule that excess expenses for ordinary and necessary services are recoverable in third-party tort actions. While jury instructions are not binding statements of the law, the recognition of this principle within the Model Civil Jury Instructions speaks loudly to the general acceptance of, and reliance by all parties on, this interpretation.
Finally, two members of today’s majority found this same position persuasive in the past. In Kreiner v Fischer,[16] Justices YOUNG and MARKMAN agreed that under MCL 500.3135(3)(c), “[a]n injured person may file a tort claim against the party at fault seeking to recover excess economic losses (wage losses and [ordinary and necessary services] expenses beyond the daily, monthly, and yearly maximum amounts).” Given the unequivocal nature of the position taken by Justices YOUNG and MARKMAN on this issue, I find it difficult to accept that they now casually disregard that position simply because it was said in dictum.
While the majority claims it has no choice but to interpret the act in this fashion, I disagree. It is the duty of this Court to interpret statutes in accordance with the intent of the Legislature and in a manner that does not produce absurd results. Accordingly, I respectfully dissent.
Marilyn Kelly, J., concurred with Hathaway, j.
CAVANAGH, J. I concur in the result proposed by Justice HATHAWAY’s dissenting opinion.

 “Ordinary and necessary services” are commonly referred to as “replacement services.”

 MCL 500.3135(3)(c).

 MCL 500.3107(1)(c) provides:
Expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent.

 Potter v McLeary, 484 Mich 397, 410-411; 774 NW2d 1 (2009), citing Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999).

 Harrow v Metro Life Ins Co, 285 Mich 349, 356; 280 NW 785 (1938).

 People v Tennyson, 487 Mich 730, 741; 790 NW2d 354 (2010), quoting Rafferty v Markovitz, 461 Mich 265, 270; 602 NW2d 367 (1999); see, also, Cameron v Auto Club Ins Ass’n, 476 Mich 55, 110; 718 NW2d 784 (2006) (Kelly, J., dissenting) (“The principle that statutes should be construed to avoid absurd results that are manifestly inconsistent with legislative intent is not a new or radical innovation.”).

 In interpreting a statute, this Court avoids a construction that would render any part of the statute surplusage or nugatory. People v McGraw, 484 Mich 120, 126; 771 NW2d 655 (2009), citing Baker v Gen Motors Corp, 409 Mich 639, 665; 297 NW2d 387 (1980). The statute must be read as a whole. See Sun Valley, 460 Mich at 237. Individual words and phrases, while important, should be read in the context of the entire legislative scheme. Herman v Berrien Co, 481 Mich 352, 366; 750 NW2d 570 (2008).

 Swantek v Auto Club of Mich Ins Group, 118 Mich App 807; 325 NW2d 588 (1982).

 Id. at 809 (emphasis added; citations omitted).

 The no-fault community, including insurers and insureds, has accepted Swantek’s interpretation as controlling law notwithstanding the enactment of 1991 PA 191.

 Ante at 188.

 Ante at 189.

 Given that members of the majority are in complete disagreement among themselves regarding the proper use or existence of the absurd-results doctrine, I find it ironic that the majority is so highly critical of my use of the concept.

 MCL 500.3110(4) provides:
Personal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors’ loss is incurred. [Emphasis added.]

 Under the majority’s interpretation, MCL 500.3116(4) (the subtraction-or-reimbursement provision for no-fault insurers) is also implicated. Thus, under the majority’s interpretation, no-fault insurers can no longer seek recoupment of expenses for ordinary and necessary services in accordance with MCL 500.3116(4) because it also does not use the specific phrase “ordinary and necessary services.”

 Kreiner v Fischer, 471 Mich 109, 114 n 2; 683 NW2d 611 (2004), overruled by McCormick v Carrier, 487 Mich 180 (2010).