PIERSON v PIERSON

Docket No. 70146. Submitted November 1, 1983, at Grand Rapids.—
Decided March 6, 1984.

Plaintiff, Charlotte K. Pierson, filed a complaint for separate
maintenance in Washtenaw Circuit Court 14 days after her
arrival in Michigan after leaving the marital home in Califor-
nia. Six months and one day after her arrival in Michigan she
filed an amended complaint for divorce, no original complaint
for divorce having been filed. When defendant, Ronnie D.
Pierson, failed to answer within 20 days a default judgment of
divorce was entered. Defendant thereafter filed a special ap-
pearance for the purpose of filing a motion to set aside the
divorce judgment, claiming that the court did not have jurisdic-
tion to enter the judgment because the plaintiff neither was a
resident of Michigan for 180 days before filing the original
complaint nor complied with the statutory requirement of a
six-month "waiting period" in a divorce action involving minor
children. The circuit court, Edward D. Deake, J., denied defen-
dant's motion and defendant appealed. *Held:*

1. The amended complaint for divorce and the original com-
plaint for separate maintenance both arose out of the same
transactional setting, the breakdown of the marriage. Thus, the
amended complaint relates back, for purposes of determining
jurisdiction, to the complaint for separate maintenance. Be-
cause the complaint for separate maintenance was filed before
the plaintiff had fulfilled the statutory 180-day residency re-
quirement, the trial court lacked jurisdiction to enter the
judgment of divorce.

2. The plaintiff did satisfy the six-month waiting period
required in a case involving minor children, since the proofs
and testimony were taken more than six months after the
original filing (for separate maintenance).

Reversed, and the divorce judgment set aside.

PLEADING — AMENDMENT OF PLEADINGS — RELATION BACK — COURT
RULES.

The test for determination of whether an amended pleading

REFERENCE FOR POINTS IN HEADNOTE
61A Am Jur 2d, Pleading § 337.

relates back to the original pleading for jurisdictional purposes is whether the claim or defense asserted in the amended pleading arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading (GCR 1963, 118.4).

*Hooper, Hathaway, Price, Beuche & Wallace* (by *James A. Evashevski),* for plaintiff.

*Law Offices of Peter J. Johnson* (by *William J. Pearson),* for defendant.

Before: MACKENZIE, P.J., and J. H. GILLIS and T. C. MEGARGLE,* JJ.

PER CURIAM. Defendant husband appeals as of right from the denial of his motion to set aside a default judgment of divorce for lack of subject matter jurisdiction.

Plaintiff Charlotte Pierson and defendant Ronnie Pierson were married on December 13, 1975, in Riverside, California. Two children were born during the course of the marriage: Carrie, born May 14, 1977; and Lora, born April 3, 1978. After numerous domestic arguments, plaintiff and her two daughters left the parties' home in Santa Rosa, California, arriving in Michigan on April 14, 1981. On April 28, 1981, plaintiff filed a complaint for separate maintenance in Washtenaw County Circuit Court.

On October 15, 1981, six months and one day after her arrival in Michigan, plaintiff filed an amended complaint for divorce. No original complaint of divorce was filed.

Defendant failed to respond to the amended complaint within the 20 days allotted by statute. Accordingly, a default judgment was entered on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

November 20, 1981, in which plaintiff was granted custody of the two children. Defendant then filed a special appearance to attack the subject matter jurisdiction of the trial court on two separate grounds. First, defendant alleged that plaintiff had not been a resident of Michigan for at least 180 days prior to the filing of the original complaint as required by MCL 552.9; MSA 25.89. Second, defendant claimed that plaintiff failed to comply with the six-month "waiting period" specified under MCL 552.9f; MSA 25.89(6).

This motion was denied by the trial judge who reasoned that because plaintiff had been a resident of Michigan for 180 days at the time the amended complaint was filed, public policy did not require that the default judgment be overturned in order to "prevent forum shopping". Defendant now appeals as of right from the judge's determination that subject matter jurisdiction over the divorce existed at the time the default judgment was entered.

In order to obtain a divorce in Michigan, the following statutory residency and waiting period requirements must be met.

Under MCL 552.9; MSA 25.89,

"[a] judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint."

MCL 552.9f; MSA 25.89(6) requires that:

"In every case where there are dependent minor children under the age of 18 years, no proofs or testi-

mony shall be taken in such cases for divorce until the expiration of 6 months from the day the bill of complaint is filed."

Plaintiff asserts that she fully complied with both of these statutory provisions. Plaintiff reaches this conclusion by using the date of the complaint for *separate maintenance* to fulfill the waiting period required under MCL 552.9f. Since six months and one day elapsed between the date of filing and the day proofs and testimony were taken, plaintiff claims that she complied with the statutory requirement.

Also, plaintiff contends that the 180-day residency requirement should be measured from the date she arrived in Michigan to the date she filed the amended complaint of divorce. Measuring from the date of the amended complaint for *divorce,* rather than the date of the complaint for *separate maintenance,* plaintiff argues that she satisfied the 180-day residency requirement.

We disagree.

As defendant correctly points out, GCR 1963, 118.4 requires that the October 15, 1981, date on which the amended complaint for divorce was filed relate back to April 28, 1981, the date of the original complaint for separate maintenance.

The test for determining if an amendment relates back to the date of the original proceeding is whether "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". GCR 1963, 118.4; *Guerra v Bar-Har Investments, Inc,* 112 Mich App 302, 306; 315 NW2d 921 (1982).

The focus is on whether the amendment springs from the same transactional setting as the original

pleading. *LaBar v Cooper,* 376 Mich 401, 405-406; 137 NW2d 136 (1965). The relation-back provision of GCR 1963, 118.4 applies here since both the original complaint for separate maintenance and the amended complaint for divorce arose out of the breakdown of the marriage. Consequently, the trial court was without jurisdiction to render a default judgment.

This conclusion is further supported by the ruling in *Bull v Bull,* 109 Mich App 328; 311 NW2d 768 (1981). In *Bull,* this Court ruled that under GCR 1963, 118.4 the date of filing amended divorce and custody pleadings relates back to the date the original pleading was filed for the purposes of establishing or negating jurisdiction. This Court reasoned that:

"There is nothing in the act [Uniform Child Custody Jurisdiction Act] which would indicate that jurisdictional requirements may be established during the pendency, as opposed to the commencement, of the proceedings." *Bull, supra,* p 341.

Therefore, the date which the trial court was to consider for the establishment of jurisdiction was the date on which the original pleading was filed, April 28, 1981. As of that date, plaintiff had not satisfied the 180-day minimum residency requirement. Consequently, the trial court lacked jurisdiction and the default judgment must be set aside.

Consistent application of GCR 1963, 118.4, however, requires a finding that plaintiff satisfied the six-month waiting period under MCL 552.9f; MSA 25.89(6). Consequently, our setting aside the default judgment of divorce is based solely on the ground that plaintiff failed to satisfy the 180-day residency requirement contained in MCL 552.9; MSA 25.89.

Although not raised by the parties, we note that an additional requirement contained in MCL 552.9f; MSA 25.89(6) appears to apply to the instant case:

"When the defendant in any case for divorce is not domiciled in this state at the time of commencing the suit or shall not have been domiciled herein at the time the cause for divorce arose, before any decree of divorce shall be granted the complainant must prove that the parties have actually lived and cohabited together as husband and wife within this state, or that the complainant has in good faith resided in this state for 1 year immediately preceding the filing of the bill of complaint for divorce." MCL 552.9f; MSA 25.89(6).

Because the record is insufficient to determine whether the parties must comply with this requirement, we only note it here in order that it be considered should either party reinstitute divorce proceedings.

Reversed. The default judgment of divorce is set aside.