BOYLE v ODETTE

Docket No. 97256. Submitted December 3, 1987, at Lansing. Decided
    March 30, 1988.

    Carolyn Boyle was injured on November 5, 1982, when the
    automobile in which she was riding was struck by the automo-
    bile driven by Kirk Gildner. Shortly before the accident, Gild-
    ner had consumed alcoholic beverages at a wedding reception
    given by James W. McKay at a facility owned by the Flint
    Association of the Deaf, Incorporated. Boyle engaged Christo-
    pher Odette as legal counsel. Odette negotiated a settlement
    with Gildner and his insurer, which Boyle signed on February
    11, 1984. On July 8, 1985, Boyle hired new counsel to pursue
    any additional claims arising out of the accident. New counsel
    commenced a dramshop action against the association on July
    11, 1985. That action was dismissed on October 25, 1985. Boyle,
    through counsel, then commenced in Genesee Circuit Court a
    malpractice action against Odette which alleged malpractice on
    the basis of the failure to investigate and pursue a dramshop
    claim against the association and a social-host action against
    Donald Hippinsteel, another guest at the reception, who alleg-
    edly supplied the alcoholic beverages to Gildner. In July, 1986,
    it was learned that McKay had supplied the alcoholic beverages
    and that the association had only leased the hall but had
    nothing further to do with the reception. Defendant Odette
    moved for summary disposition. Plaintiff sought to amend her
    pleadings to include the allegation that Odette committed
    malpractice by failing to bring a social-host action against
    McKay. The trial court, Philip C. Elliott, J., granted defendant
    Odette's motion for summary disposition, denied plaintiff's
    motion to amend her complaint and denied plaintiff's motion
    for a rehearing. Plaintiff appealed.

    The Court of Appeals *held:*

    The failure of an attorney to bring an action on behalf of his

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197, 202, 203.

Am Jur 2d, Pleading §§ 306 *et seq.*

Legal malpractice by permitting statutory time limitations to run
against client's claim. 90 ALR3d 293.

client will not give rise to a legal malpractice claim where, prior to the running of the applicable period of limitation, new counsel is secured by the client. Since plaintiff engaged her new counsel prior to the running of the period of limitation on a social-host action against McKay, it would have been a futile act to permit plaintiff to amend her complaint so as to allege malpractice on the basis of Odette's failure to commence a social-host action against McKay. Accordingly, since neither the claim pled nor the proposed amended claim stated a valid legal malpractice claim, the trial court properly granted defendant Odette's motion for summary disposition.

Affirmed.

1. PLEADING — AMENDMENT OF PLEADINGS — PREJUDICE.

A motion to amend a complaint should be denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and the futility of the amendment; the mere expiration of a limitation period does not amount to prejudice where the amendment springs from the conduct,. transaction, or occurrences set forth, or attempted to be set forth, in the original pleading because, under such circumstances, the amendment relates back to the date the original pleading was filed (MCR 2.118[A][2], 2.118[D]).

2. ATTORNEY AND CLIENT — MALPRACTICE — FAILURE TO COMMENCE ACTION — LIMITATION OF ACTIONS.

An action against an attorney for legal malpractice for failure to commence an action on behalf of the client may not be maintained where the attorney ceased to represent the client and was replaced by other counsel prior to the running of the period of limitation for the action in question.

*Thurswell, Chayet & Weiner* (by *Milton H. Greenman*), for plaintiff.

*Robert P. Keil,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court's order granting defendant Odette's motion for summary disposition in this legal malpractice case, as well as from the trial court's order denying plaintiff's motion for rehearing. In particular, plaintiff claims that she should have been allowed to amend her complaint to allege that defendant Odette committed legal malpractice when he failed to timely file a suit on plaintiff's behalf against James W. McKay, on the basis that McKay knowingly furnished alcoholic beverages to then nineteen-year-old Kirk Gildner, who subsequent to the consumpiton of the intoxicants was involved in a traffic accident in which plaintiff was injured. The trial court held that plaintiff's legal malpractice claim based upon defendant Odette's failure to timely pursue a social-host claim against McKay was barred by the statute of limitations, that any damages plaintiff suffered were attributable to her present counsel's failure to file suit before the statutory period of limitation had expired and that, in any event, the amendment was futile because there was no viable social-host claim against McKay. We affirm.

On November 5, 1982, McKay hosted a wedding reception for his son at the Flint Association of the Deaf, Incorporated (FAD). McKay rented the hall from FAD and provided his own alcoholic beverages. FAD did not supervise the distribution of the alcoholic beverages, but there was a bar at the reception. Gildner was informally invited to the reception by one of his friends, who was apparently related to McKay's son. There were approximately 150 to 200 guests at the reception.

Gildner arrived at the reception at approximately 10:00 P.M. Gildner ate and talked with some of his friends, including twenty-year-old Donald Hippinsteel. Gildner did not attempt to obtain alcohol from the bar because he assumed that the

bartenders were checking identification. The others sitting at the table were also apparently minors and did not have alcohol. Gildner claims that sometime thereafter a group of people sitting at a nearby table left the reception. These people left behind a partially full pitcher of beer. Gildner is "pretty sure" that Hippinsteel grabbed the pitcher from the other table after it had been sitting there for a couple of minutes. Hippinsteel poured himself a glass of beer and set the pitcher down on the table. Gildner then reached over and poured some beer into a cup from which he had previously been drinking nonalcoholic punch. Gildner drank two or three glasses of beer. Gildner could not recall any one else at his table drinking.

Hippinsteel recalled drinking one or two glasses of beer. He denied providing beer to Gildner. Hippinsteel could not recall how he obtained the beer or if anyone else was drinking; however, he thought that it was likely that he had obtained the beer from a pitcher on a table because it was not given to him by an adult.

At 11:30 or 11:45 P.M., Gildner left the reception. He admitted that he felt the effects of the alcohol, but stated that he was just happy and not drunk. As Gildner was driving home, he was attempting to repair the wires on his new car stereo when he crossed the center line and struck head-on the vehicle in which plaintiff was riding as a passenger. The accident occurred at 12:04 A.M., four miles from the FAD hall. Plaintiff was injured. Gildner did not recall crossing the center line and was not ticketed.

Plaintiff hired Odette to represent her. Odette obtained a settlement with Gildner and his no-fault insurer on February 11, 1984. Odette claims that, at the time the settlement was signed, he discussed its effect on plaintiff's further actions

under the dramshop act, given the name-and-retain provision. Plaintiff denies that such a discussion took place.

On July 8, 1985, plaintiff hired her present counsel to pursue claims on her behalf arising out of the accident. Plaintiff then filed suit against FAD on July 11, 1985. Plaintiff claims that the suit was dismissed on October 21, 1985, because the statutory period of limitation had expired; however, the order dismissing plaintiff's suit against FAD provides that plaintiff's suit was dismissed because she failed to state a claim upon which relief could be granted.

On December 12, 1985, plaintiff sued Odette, alleging that he committed malpractice by failing to investigate and timely pursue plaintiff's dramshop claim against FAD and to inform plaintiff of the same. Plaintiff also sued Hippinsteel, alleging social-host liability.

On June 7, 1986, defendant Odette's attorney arranged for a deposition of Wally Jones, an officer of FAD. Jones was instructed to bring all records concerning the hall rental to McKay with him. At the deposition, it was learned that McKay provided the alcohol at the reception and FAD retained no control over the hall.

Thereafter, defendant Odette moved for summary disposition, claiming that there was no genuine issue of material fact concerning FAD's lack of responsibility for furnishing the intoxicating beverages. Plaintiff conceded that she no longer had a dramshop action against FAD; however, plaintiff then claimed that defendant Odette committed malpractice by failing to pursue a social-host claim against McKay, MCL 436.33; MSA 18.1004. Defendant Odette responded that plaintiff had not properly pled that theory and that the period of limitation on legal malpractice regarding that claim had

expired. Moreover, defendant Odette noted that the three-year period of limitation on the social-host claim had not expired when plaintiff retained her present counsel. Finally, defendant Odette noted that, under the facts of this case, McKay did not "knowingly furnish" alcohol to Gildner. Plaintiff responded by asking that she be allowed to amend her complaint.

As noted above, the trial court held for defendant Odette, finding: (1) plaintiff conceded defendant was entitled to summary disposition regarding his failure to pursue a dramshop action against FAD; (2) plaintiff's complaint failed to state any other cause of action under the dramshop act; (3) plaintiff could not amend her complaint to allege a social-host theory because the statutory period of limitation for legal malpractice with respect to that claim had expired; (4) plaintiff's malpractice action was more properly directed against her present attorney, who was hired before the period of limitation on the social-host claim had expired; and (5) there was no merit to a social-host claim against McKay.

Plaintiff moved for a rehearing, alleging that the trial court had ignored her request to amend. The trial court denied plaintiff's motion, noting that it had not ignored plaintiff's request as evidenced by the last three reasons in its opinion. Thereafter, Hippinsteel was dismissed as a defendant.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on such a motion the trial court must consider not only the pleadings, but also depositions, affidavits, admissions and other documentary evidence. *Id.* Summary disposition is appropriate under this subrule only if the court is satisfied that it is impossible for the

nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.* The trial court must give the benefit of any reasonable doubt to the nonmoving party. *Id.* This Court is liberal in finding a genuine issue of material fact. *Id.* Nonetheless, where the opposing party fails to come forward with evidence, beyond his allegations or denials in the pleadings, to establish the existence of a material factual dispute, the motion is properly granted. *Id.*

On appeal, plaintiff claims that she should have been allowed to amend her complaint to allege malpractice arising out of defendant Odette's failure to pursue a social-host claim against McKay. MCR 2.118(A)(2). A motion to amend a complaint should be denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and the futility of the amendment. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973); *Davis v Chrysler Corp,* 151 Mich App 463, 473-474; 391 NW2d 376 (1986), lv den 428 Mich 869 (1987). The mere expiration of a limitation period does not amount to prejudice where the amendment springs from the conduct, transaction, or occurrences set forth, or attempted to be set forth, in the original pleading because, under such circumstances, the amendment relates back to the date the original pleading was filed. MCR 2.118(D). *Davis, supra,* pp 473-475; *Pierson v Pierson,* 132 Mich App 667, 670-671; 347 NW2d 779 (1984). The trial court's decision to disallow the amendment will not be reversed absent an abuse of discretion. *Id.*

We first agree with defendant Odette and the trial court that plaintiff did not set forth in her

original pleadings a malpractice claim based upon the failure to file a social-host claim. The trial court apparently ruled that plaintiff could not amend her complaint to allege defendant Odette's legal malpractice in failing to pursue a social-host claim, finding that defendant Odette would be prejudiced because the period of limitation for bringing a legal malpractice claim had expired as to defendant's failure to pursue a social-host claim against McKay. As noted above, the mere expiration of a period of limitation does not amount to prejudice where the amendment relates back to the date the complaint was filed because it springs from the conduct set forth or attempted to be set forth in the complaint. *Id.* We agree with plaintiff that the conduct originally set forth or attempted to be set forth was defendant Odette's malpractice regarding his representation of plaintiff arising out of the accident; therefore, we agree that plaintiff's social-host claim would relate back to the date of her complaint. *Id.* MCR 2.118(D).

We now turn to the issues of whether plaintiff was dilatory in filing her amendment or whether defendant Odette was prejudiced because he would have to defend against a new claim (e.g., obtain different evidence or witnesses). We do not believe that plaintiff was dilatory or that defendant Odette was prejudiced by the amendment given that defendant Odette's attorney was present when it was disclosed that McKay rather than FAD would have been responsible for providing alcoholic beverages to minors. *Davis, supra.*

The remaining issues are whether plaintiff's amendment was futile because her new attorney failed to file a social-host claim against McKay despite having the case for four months before the period of limitation on that claim expired or whether the facts disclosed during depositions re-

vealed that plaintiff did not have a viable social-host claim against McKay. We agree with defendant Odette that he cannot be held liable for failing to file a social-host action prior to expiration of the period of limitation where he ceased to represent plaintiff and was replaced by other counsel before the statutory period ran on her underlying action. See *Steketee v Lintz, Williams & Rothberg,* 38 Cal 3d 46, 57; 210 Cal Rptr 781; 694 P2d 1153 (1985).[1]

---

[1] At this point, we note that *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), which held that a civil cause of action exists for injuries or death caused by the furnishing of alcoholic beverages to minors by a social host, was decided on November 27, 1985, only after the period of limitation regarding social-host liability had expired in this case. Our Supreme Court held that MCL 436.33; MSA 18.1004 applies to all persons and not merely liquor licensees and retailers and, therefore, violation of that penal statute creates a rebuttable presumption of negligence. Prior to our Supreme Court's decision in *Longstreth, supra,* this Court had held that violation of MCL 750.141a; MSA 28.336(1), which made it a misdemeanor for any person to knowingly give or furnish alcoholic beverages to minors, was negligence per se or gave rise to a prima facie case of negligence. Compare *Thaut v Finley (On Rehearing),* 50 Mich App 611; 213 NW2d 820 (1973), and *Lover v Sampson,* 44 Mich App 173; 205 NW2d 69 (1972), with *Christensen v Parrish,* 82 Mich App 409; 266 NW2d 826 (1978), lv den 403 Mich 845 (1978). Nonetheless, in both *Thaut* and *Lover,* this Court held that the dramshop act applied only to those licensed to sell alcoholic beverages. MCL 750.141a; MSA 28.336(1) was repealed by the Liquor Control Act and was replaced by MCL 436.33; MSA 18.1004 in 1978. On March 29, 1983, this Court held that a civil cause of action did exist for any person's violation of MCL 436.33; MSA 18.1004. *Longstreth v Fitzgibbon,* 125 Mich App 261; 335 NW2d 677 (1983), aff'd sub nom *Longstreth v Gensel,* 423 Mich 675 (1985). On December 6, 1983, our Supreme Court granted leave as to our decision in *Longstreth v Fitzgibbon.* 418 Mich 876 (1983). Because leave was granted, this Court's decision lacked precedential value. *People v Phillips,* 416 Mich 63, 74-75; 330 NW2d 366 (1982). But now see MCR 7.215(C)(2), effective December 1, 1987. As noted above, our Supreme Court in a four to two decision affirmed this Court's decision on November 27, 1985. The Supreme Court noted that, because it was the first time it had addressed this issue, its opinion was to apply to that case, to cases commenced after issuance of its opinion and to cases pending in the trial and appellate courts. *Longstreth v Gensel, supra,* p 699. We note that where a judicial interpretation changes settled law our courts favor a rule of limited retroactivity, such as the one applied in *Longstreth, supra,* p 699. *Lawyers Title Ins Corp v Chicago Title Ins Co,* 161 Mich App 183, 197; 409 NW2d 774 (1987).

Moreover, we agree that the undisputed testimony adduced during Gildner's and Hippinsteel's depositions demonstrates that McKay did not knowingly furnish Gildner with the beer he consumed. See and compare *Longstreth v Gensel,* 423 Mich 675, 694; 377 NW2d 804 (1985); *People v Lumley,* 189 Mich 613; 155 NW 486 (1915); *People v Neumann,* 85 Mich 98; 48 NW 290 (1891); *Reinert v Dolezel,* 147 Mich App 149; 383 NW2d 148 (1985), lv den 424 Mich 900 (1986); *Christensen v Parish,* 82 Mich App 409; 266 NW2d 826 (1978); *Thaut v Finley,* 47 Mich App 542; 209 NW2d 695 (1973), vacated *Thaut v Finley (On Rehearing),* 50 Mich App 611; 213 NW2d 820 (1973). Because we agree that the proposed amendment of plaintiff's complaint would have been futile for the reasons discussed above, the trial court properly denied plaintiff's motion to amend her malpractice complaint to allege that defendant Odette was negligent in failing to pursue a social-host claim against McKay. *Ben P Fyke & Sons, supra; Davis, supra.*

Finally, we note that plaintiff also alleged that defendant Odette's actions constituted a breach of contract, pointing to a clause in her contingency-fee agreement. We hold that plaintiff's proposed amendment supports only a malpractice claim. See *Barnard v Dilley,* 134 Mich App 375; 350 NW2d 887 (1984).

Affirmed.

Under these circumstances, we believe that as a matter of law defendant Odette could not be held liable for his failure to file a social-host claim, because the question of whether such a claim existed had not been settled by our court of last resort and there was a reasonable doubt among informed attorneys as to whether such a claim was viable. See, e.g., *Martinson Mfg Co, Inc v Seery,* 351 NW2d 772, 775 (Iowa, 1984), and cases cited therein.