*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HAMILTON AVENUE PROPERTY HOLDINGS,
LLC; STATEWIDE RECYCLING & RECOVERY,
INC; RECYCLING REVOLUTION, LLC;
JEFFREY SESKIN AND NATHAN SESKIN,

      Plaintiffs-Appellants,

v

RESNICK LAW, PC, and H NATHAN RESNICK,

      Defendants-Appellees.

UNPUBLISHED
February 18, 2025
9:39 AM

No. 369661
Wayne Circuit Court
LC No. 20-004140-NM

Before: BOONSTRA, P.J., and M. J. KELLY and MALDONADO, JJ.

PER CURIAM.

Plaintiffs Hamilton Avenue Property Holdings, LLC (Hamilton), Statewide Recycling & Recovery, Inc., (Statewide Recycling), Recycling Revolution, LLC (Recycling Revolution), Jeffrey Seskin (Jeffrey), and Nathan Seskin (Nathan) appeal by right the trial court's order granting defendants' post-remand motion for summary disposition and denying plaintiffs' post-remand motion for an order denying defendants' motion for partial summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case is before us for a second time. The facts underlying this litigation were set forth in our previous opinion:

> Jeffrey and Nathan are brothers who owned and managed the plaintiff entities. Hamilton owned a warehouse in Highland Park, Michigan. Hamilton leased space to three tenants who are not parties to this lawsuit: Quality Team 1, EcoWorks, and Helm, Inc. Hamilton also leased space to plaintiff Recycling Revolution. On February 3, 2016, a fire at the property destroyed the warehouse. The warehouse was uninsured.

> In July 2016, two owners of neighboring properties, Gabrielle/MHT Limited Dividend Housing Partnership (Gabrielle) and Benjamin Manor MHT Dividend

-1-

Housing Associates, LLC (Benjamin Manor), sued plaintiffs seeking to recover for smoke damage caused by the fire. Plaintiffs hired defendants to represent them for all claims (for and against) related to the fire, including the claims brought by Gabrielle and Benjamin Manor.

Hamilton sold the property in February 2018 for $350,000, while the Gabrielle/MHT case was pending. At the property closing, Jeffrey was presented with a settlement statement and a closing statement, each of which described the disposition of the $350,000 sale proceeds. Relevant to this appeal, these documents allocated $230,000 for defendant law firm's attorney fees. After the listed disbursements were made, Hamilton was left with $66,465. There is no dispute that Jeffrey signed the documents on behalf of Hamilton.

On March 13, 2018, Jeffrey failed to appear for a deposition in the Gabrielle/MHT case. The attorney representing Gabrielle and Benjamin Manor informed Resnick that Jeffrey had informed him that he would not be attending the deposition because Jeffrey had terminated Resnick as plaintiffs' attorney. Resnick then sent an e-mail to Jeffrey and Nathan saying that as a result of this complete breakdown in the attorney-client relationship, he would be filing motions to withdraw in all cases that he was handling for plaintiffs. That same day, Resnick moved to withdraw from the Gabrielle/MHT case.

The next day, attorney Sheldon Miller sent a letter to Resnick, stating that he had been retained by Jeffrey, Nathan, and Hamilton "to investigate and if necessary pursue whether criminal acts, ethical violations and/or malpractice was committed in the representation of these former clients of yours." Included was a request and authorization for Resnick to supply a complete copy of the files pertaining to plaintiffs' matters.

On March 23, 2018, the trial court held a hearing on the motion to withdraw. Although Miller was unable to attend the hearing, Jeffrey was present. Jeffrey explained that he had hired Miller to take over for Resnick, but asked the trial court to deny the motion because he wanted an evidentiary hearing regarding the attorney fees owed to Resnick. Although the trial court denied the motion to withdraw at that time, the court made it clear to Resnick that he was no longer representing plaintiffs. On April 3, 2018, the trial court entered an order granting Resnick's motion to withdraw.

The Gabrielle/MHT case against plaintiffs proceeded with Miller as plaintiffs' attorney. In June 2018, a jury found that Hamilton, Recycling Revolution, Jeffrey, and Nathan were negligent, grossly negligent, and liable for damages. The jury further found that those four parties, plus Statewide Recycling, were liable for nuisance. The jury awarded Gabrielle damages of $6,351,183 and awarded Benjamin Manor damages of $1,040,609. The trial court entered a judgment in favor of those parties, which this Court affirmed. *Gabrielle/MHT Ltd Dividend Housing Partnership v Hamilton Avenue Prop Holding LLC*, unpublished per

curiam opinion of the Court of Appeals, issued August 13, 2020 (Docket No. 346058 Docket No. 346058), p. 8.

Plaintiffs filed the instant lawsuit on March 17, 2020. In their first amended complaint, plaintiffs alleged three counts: Count I–Fraud and Conversion, Count II–Malpractice Regarding Hamilton, and Count III–Malpractice Regarding all Plaintiffs. Before filing an answer, defendants moved for summary disposition. Defendants argued, among other things, that the malpractice claims were time-barred because the two-year statute of limitations period had lapsed. Specifically, defendants averred that their representation of plaintiffs ceased no later than March 14, 2018, the day they received the letter from Miller describing plaintiffs as defendants' "former clients," and therefore, plaintiffs' action was untimely filed on March 17, 2020. Plaintiffs responded that their complaint was timely because (1) Supreme Court Administrative Order No. 2020-3, 505 Mich cxxvii (2020), tolled the limitations period from March 10, 2020 through June 19, 2020, and (2) in any event, their malpractice claims accrued on March 23, 2018, when the trial court instructed defendants to not represent plaintiffs.

The trial court denied defendants' motion for summary disposition because defendants failed to adequately brief how the tolling limitations in the administrative orders affected the statute of limitations. At the hearing, plaintiffs' counsel agreed that he was abandoning any claim of malpractice predicated on Resnick failing to file a motion for summary disposition on the basis of a lack of duty.

Plaintiffs thereafter filed a second amended complaint that alleged four counts: Count I–Breach of Contract, Count II–Breach of Fiduciary Duty, Count III–Fraud and Conversion, and Count IV–Malpractice regarding Hamilton. In Count I, plaintiffs contended that defendants breached contractual obligations (1) to assess each and every opportunity to settle the Gabrielle/MHT case, and (2) to advise plaintiffs to arrive at a beneficial settlement rather than engage in a prolonged and protracted litigation. In Count II, plaintiffs argued that defendants breached their fiduciary duty by engaging in the acts described in Count I. For Count III, plaintiffs alleged that unknown to Jeffrey, defendant Julie H. Trepeck Harris, who worked for defendant law firm, hid a document in the closing papers that authorized the property sale proceeds to be forwarded to defendant law firm, and that defendant law firm wrongfully converted $277,409.67 from those proceeds to itself. And in Count IV, plaintiffs argued that defendants committed legal malpractice by failing to investigate and pursue claims under the various tenants' insurance policies.

Defendants thereafter moved for summary disposition under MCR 2.116(C)(10) on all of plaintiffs' claims. According to defendants, summary disposition was warranted on the legal malpractice claim in Count IV because the tenants' insurance policies did not provide coverage to Hamilton. Defendants also argued that Resnick's decision to not sue the tenants or their insurers was an exercise of attorney judgment that could not form the basis for a malpractice claim. Additionally, defendants noted that plaintiffs could not establish proximate

causation because successor counsel could have sued the tenants or filed an insurance claim. Defendants argued that Counts I and II were disguised malpractice claims, which failed because there had been no settlement offers made in the Gabrielle/MHT case, and plaintiffs had failed to identify any simple, obvious matters that Resnick failed to stipulate to in that case. Defendants argued that plaintiffs waived the fraud and conversion claims alleged in Count III because they had agreed to dismiss defendant Harris, the person who allegedly committed the fraud, but further argued that even if the claims were not waived, they should be dismissed because the allegedly "hidden" document was not in fact hidden, false, or misleading. Moreover, Jeffrey had signed it. Defendants also maintained that any conversion claim necessarily failed because Resnick obtained a portion of the sale proceeds with Jeffrey's consent to use those funds to pay the legitimately earned attorney fees.

The trial court denied defendants' second motion for summary disposition. Regarding the malpractice claim, the trial court ruled that there was a factual issue whether Resnick exercised reasonable judgment. The trial court denied the motion related to the conversion and fraud claims because plaintiffs would have been entitled to a hearing on the reasonableness of the fees.

Another issue on appeal involves the acceptance or denial of a case evaluation award. On August 17, 2021, the trial court entered a stipulated order canceling the case evaluation scheduled for August 23, 2021. Instead, the parties agreed to return to mediation, and also agreed that, if they did not reach a voluntary settlement in the case, the mediator would act as the sole case evaluator, with "[a]ll the requirements of MCR 2.403 regarding acceptance and rejection remain[ing] in full force and effect."

The parties failed to reach a voluntary settlement, and the mediator entered an award that provided: "The Defendants, jointly and severally, shall pay to Plaintiffs, jointly and severally, the total sum of One Hundred Five Thousand and 00/100 ($105,000.00) Dollars." Defendants accepted the award. But with regard to plaintiffs, only Statewide Recycling and Jeffrey accepted the award. Defendants moved to strike the partial acceptance. Defendants argued that because the award was contemplated as being joint and several as to all plaintiffs and defendants, there was no mechanism for some plaintiffs to accept and some to reject. Plaintiffs filed a motion for entry of judgment, contending that Jeffrey and Statewide Recycling were each entitled to a judgment for $105,000.

The trial court granted defendants' motion to strike and denied plaintiffs' motion for entry of judgment. The court noted that the award was joint and several and that plaintiffs could not separate the amounts. The court further ruled that, because it was joint and several, the award was valid only if it was accepted by all plaintiffs. These appeals followed.

On appeal, defendants argued that the trial court had erred by denying their second motion for summary disposition regarding plaintiffs' claim for legal malpractice. This Court noted that

-4-

plaintiffs' malpractice claim was comprised of several allegations: (1) that defendants had failed to pursue recovery or reimbursement under any of the warehouse tenants' insurance policies, (2) that defendants had failed to seek indemnification from the tenants under their lease agreements, (3) that defendants had failed to pursue breach of contract claims against the tenants for failure to list Hamilton as a named insured in their liability insurance policies, and (4) that under the rule set forth in *Boyle v Odette*, 168 Mich App 737, 745; 425 NW2d 472 (1998),[1] summary disposition of plaintiffs' entire claim was warranted because plaintiffs' successor counsel could have taken any of the actions that defendants failed to take during their representation of plaintiffs. *Id*., unpub op at 6-10.

This Court held in relevant part that the trial court had erred by denying summary disposition of plaintiffs' malpractice claim in toto; we held specifically that "[d]efendants were entitled to summary disposition on (1) the claim that they committed malpractice by failing to pursue recovery or reimbursement under any of the tenants' insurance policies, and (2) the claim that they committed malpractice by failing to pursue breach-of-contract claims against the tenants." *Id*., unpub op at 10. However, this Court held that a question of fact existed as to whether defendants' failure to seek indemnification from both Quality Team 1 and EcoWorks was negligent or protected by the attorney-judgment rule. *Id*., unpub op at 7. Regarding *Boyle*, this Court held that the rule in *Boyle* also applied to bar plaintiffs' malpractice claim regarding defendants' failure to pursue breach-of-contract claims. *Id*. at 10. However, this Court declined to apply *Boyle* to defendants' failure to pursue indemnification from Quality Team 1 or Ecoworks, stating:

> However, defendants did not argue before the trial court that Boyle's holding was a basis to dismiss plaintiffs' malpractice claim in connection with defendant's [sic] failure to seek indemnification from the tenants. In defendants' second motion for summary disposition, defendants limited their reliance on Boyle to plaintiffs' theory that defendants failed to pursue breach-of-contract claims against the tenants for not listing Hamilton as a named insured in their policies. Consequently, because defendants limited their argument under Boyle to a particular theory (failure to pursue breach-of-contract claims against tenants for not listing Hamilton as a named insured), the trial court did not err by failing to extend that argument to a different theory (failure to seek indemnification from the tenants).

This Court also held that the trial court had erred by denying defendants' motion for summary disposition regarding plaintiffs' fraud and conversion claims. We noted that Jeffrey had signed settlement documents on behalf of Hamilton, and we held that plaintiffs had not presented evidence establishing a genuine issue of material fact regarding these claims:

> There is no dispute that Jeffrey, on behalf of Hamilton, signed the settlement documents which authorized the disbursement of the proceeds from the property sale to defendant law firm, and authorized defendant law firm to retain $230,000

---

[1] Although *Boyle* itself is not binding on this Court, this Court adopted and applied the principles of *Boyle* in *Estate of Mitchell*, 249 Mich App 682-682; 644 NW2d 391 (2002), which is binding. See MCR 7.215(J)(1).

for fees owed. Harris testified that she disclosed the contents of the disclosure statement by reviewing them with Jeffrey line by line, noting that $230,000 of the proceeds were allocated for attorney fees. In opposing defendants' motion for summary disposition, plaintiffs attempted to show a genuine question of fact by attaching a purported affidavit from Jeffrey in which he averred that he simply signed every document presented to him without reading them, and that Harris did not inform him that $230,000 of the proceeds were being allocated toward owed attorney fees. Jeffrey further claimed that, had he been informed about the content of the seller's disclosure statement, he would not have signed it. However, the "affidavit" submitted by plaintiffs is not signed or notarized. "[A]n unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013). Therefore, this document cannot be considered.

Plaintiffs have failed to offer any competent evidence to rebut Harris's testimony that she "hid" the disclosure statement. In fact, there is evidence that she affirmatively reviewed the statement with Jeffrey by discussing its contents line by line. Therefore, plaintiffs' claim of silent fraud fails as a matter of law.

* * *

We agree with defendants that there is no evidence to show that their possession of the money was wrongful. Jeffrey, on behalf of Hamilton, signed the disclosure statements that authorized the sale proceeds to be wired to defendant law firm. As discussed earlier, plaintiffs offered no evidence to show that Jeffrey's consent was procured by fraud or was otherwise invalid. Therefore, defendants were entitled to summary disposition on plaintiffs' common-law conversion claim.

* * *

Thus, whether defendants' initial possession of the money was wrongful is not controlling for statutory conversion, but the result is the same. Jeffrey authorized the funds to be transferred to defendant law firm. He also authorized the firm to retain $230,000 of Hamilton's money for attorney fees. Therefore, with plaintiffs having failed to provide any evidence showing that Jeffrey's consent and authorization were procured by fraud or was otherwise invalid, defendants were entitled to summary disposition on plaintiffs' statutory-conversion claim.

Accordingly, this Court affirmed in part, reversed in part, and remanded for further proceedings consistent with our opinion, holding specifically:

The trial properly (1) denied defendants' first motion for summary disposition on the basis of the statute of limitations, (2) denied defendants' second motion for summary disposition with regard to plaintiffs' malpractice claim premised on defendants' failure to seek indemnification from Quality Team 1 or EcoWorks, and (3) granted defendants' motion to strike Jeffrey's and Statewide Recycling's case evaluation acceptances. The court, however, erred by denying defendants' second

motion for summary disposition with regard to (1) plaintiffs' malpractice claims premised on failure to pursue breach-of-contract claims against the tenants, (2) plaintiffs' malpractice claims premised on failure to make insurance claims, (3) plaintiffs' breach-of-contract claim (Count I), (4) plaintiffs' breach-of-fiduciary-duty claim (Count II), and (5) plaintiffs' fraud and conversion claims (Count III).

On remand, defendants moved the trial court for summary disposition regarding the portion of plaintiffs' malpractice claim that was premised on defendants' failure to seek indemnification (the indemnification claim), arguing that, as a matter of law, plaintiffs' malpractice claim must fail because plaintiffs' entitlement to indemnification had accrued in 2016 and plaintiffs had replaced defendants with other counsel in 2018, well before the six-year statute of limitations for actions based on contracts had run. Plaintiffs also filed a motion, entitled "Plaintiffs' Motion for Entry of Renewed Order Denying Defendants' Motion for Partial Summary Dispostion [sic] as to Fraud and Conversion," arguing that this Court's holding regarding plaintiffs' fraud and conversion claims in the first appeal was caused by plaintiffs' failure to attach a properly signed and notarized affidavit from Jeffrey, and requesting that the trial court issue a new order denying summary disposition as to those claims. The motion was accompanied by a signed and notarized affidavit from Jeffrey stating that he had signed the seller's closing statement without reading it, relying on the judgment of his attorney from defendants' firm; Jeffrey further averred that he was not aware of the provision transferring $230,000 to defendants and would not have signed the closing statement if he had been aware of its contents.

The trial court held a combined hearing on the parties' motions. Regarding defendants' motion, the trial court noted that plaintiffs' indemnification claim "was the only claim that survived the Court of Appeals' decision" and that this Court did not resolve the issue of the applicability of *Boyle* to that claim as this Court had "determined that Defendants had failed to raise the issue before the trial court." The trial court found that there had been no ruling on the merits of plaintiffs' indemnification claim, that the applicability of *Boyle* was a question of law, and that plaintiffs had not established a genuine issue of material fact regarding their current counsel's ability to have pursued the indemnification claim after replacing defendants. The trial court granted defendants' post remand motion.

Regarding plaintiffs' motion, the trial court noted that this Court had held that defendants were entitled to summary disposition of plaintiffs' fraud and conversion claims, and had not remanded for further consideration of those claims. The trial court held that, even if it were to consider Jeffrey's affidavit, plaintiffs had failed to establish a genuine issue of material fact regarding whether defendants had deliberately misrepresented the contents of the seller's disclosure statement in a way that was intended to deceive. The trial court denied plaintiffs' motion. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Bienenstock & Assoc, Inc v Lowry*, 314 Mich App 508, 514; 887 NW2d 237 (2016). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. "In evaluating a motion for summary disposition brought under [MCR 2.116(C)(10)], a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the

parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*., quoting *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(10) is proper when there is no genuine issue regarding any material fact. *Id*. We review de novo as a question of law whether a trial court followed an appellate court's ruling on remand. *Schumacher v Dep't of Natural Resources (After Remand)*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

## III. DEFENDANTS' POST-REMAND MOTION

Plaintiffs argue that the trial court erred by granting defendants' post-remand motion for summary disposition. We disagree.

Plaintiffs do not specifically challenge the trial court's application of *Boyle*, but rather argue that the trial court erred by considering defendants' motion at all. Plaintiffs point out that this Court, in the first appeal, affirmed the trial court's denial of summary disposition regarding the indemnification claim, and argue that that denial precluded defendants from seeking summary disposition of that issue on remand. We disagree. Plaintiffs argue that defendants had raised the argument that summary disposition was warranted under *Boyle*, and that both the trial court and this Court rejected that argument. But paradoxically, plaintiffs also argue that defendants failed to raise and preserve their *Boyle* argument, and therefore should be deemed to have waived the issue. We find neither argument persuasive. As stated, this Court in the prior appeal explicitly *did not* determine whether *Boyle* applied to plaintiffs' indemnification claim, finding that the trial court had not reached the issue. This Court found that defendants' argument had not been decided on the merits. Therefore, plaintiffs' argument that the trial court and this Court had already ruled on the issue is incorrect.

Further, while defendants did indeed fail to preserve their *Boyle* argument regarding the indemnification claim for appellate review, see *Booth Newspapers*, *Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993), they were not prohibited from seeking summary disposition on that ground in further proceedings. Plaintiffs argue that this Court's affirmance of the trial court's denial of summary disposition was a ruling on the issue that stands as law of the case. But the law-of-the-case doctrine does not apply to rulings that "were not rulings on the merits of the issues presented." *Rott v Rott*, 508 Mich 274, 287; 972 NW2d 789 (2021). This Court's ruling regarding the indemnification claim was an explicit determination that no ruling on the merits of defendants' argument had yet occurred. Therefore the law of the case was no barrier on remand to defendants raising the issue of the application of *Boyle*. See *id*. at 288 (noting that the law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, *not a limit to their power*") (quotation marks and citation omitted).

This Court's remand order did not prevent defendants from raising additional grounds for summary disposition of plaintiffs' remaining claims. When an appellate court remands a case, the lower court's authority and discretion are limited by the scope of the remand order. See *Int'l Bus Machine, Corp v Dep't of Treasury*, 316 Mich App 346, 350; 891 NW2d 880 (2016). On remand, a trial court may take "such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *Sokel v Nickoli*, 356 Mich 460, 464; 97 NW2d 1 (1959). Under the Michigan Court Rules, a party may file a motion for summary disposition at any time,

although a trial court has the discretion to limit the period for the filing of dispositive motions through a scheduling order. See *Kemerko Clawson, LLC v RXIV, Inc*, 269 Mich App 347, 350-351; 711 NW2d 801 (2005). A trial court also generally possesses the discretion to consider untimely-filed motions. See *id*. at 349-350. In this case, the trial court's discretion to hear defendants' motion and determine the issue of *Boyle*'s application was not restricted by the remand order, and the trial court's actions were not inconsistent with our opinion in the first appeal.

Although plaintiffs do not directly challenge the trial court's application of *Boyle*, we note that the trial court was correct. Under the rule in *Boyle*, a defendant law firm may not be held liable for "the failure to pursue or timely file a claim where its representation of plaintiffs had ceased before the applicable period of limitation expired on the claim." *Estate of Mitchell v Dougherty*, 249 Mich App 668, 682; 644 NW2d 391 (2002), citing *Boyle*, 168 Mich App at 746. "Retention of an alternate attorney effectively terminates the attorney-client relationship." *Id*. In this case, the parties do not dispute that the attorney-client relationship between plaintiffs and defendants was terminated in 2018. A cause of action for indemnification against losses accrues when the indemnitee has sustained the loss, and is subject to the six-year limitations period for actions to recover damages under a contract. *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 180; 848 NW2d 95 (2014); see also MCL 600.5807(8). The fire occurred in 2016, and plaintiffs received a judgment against them in 2018. There was, at a minimum, nearly four years after defendants' representation ceased for successor counsel to seek indemnification from Quality Team 1 and EcoWorks. Accordingly, plaintiffs could not establish a genuine issue of fact regarding defendants' liability for failure to pursue the indemnification claim. *Estate of Mitchell*, 249 Mich App at 682.

## III. PLAINTIFFS' POST-REMAND MOTION

Plaintiffs also argue that the trial court erred by denying their post-remand motion for entry of an order denying summary disposition of their fraud and conversion claims. We disagree.

A grant of summary disposition under MCR 2.116(C)(10) acts as an adjudication on the merits. See *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 510; 686 NW2d 770(2004), overruled in part on other grounds by *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4; 817 NW2d 562 (2012). Accordingly, a dismissal following a grant of summary disposition under MCR 2.116(C)(10) is a dismissal with prejudice. See *ABB Paint Finishing*, 223 Mich App 559, 562; 567 NW2d 456 (1997). When a claim is dismissed with prejudice, a plaintiff may not merely reassert the same claim against the same defendant in a subsequent proceeding. See *Monat v State Farm Ins Co*, 469 Mich 679, 682-683; 677 NW2d 843 (2004).

In this case, despite plaintiffs' labelling of their motion as one seeking a renewed order denying defendants' motion for summary disposition of their fraud and conversion claims, it is clear that plaintiffs sought to revive claims that were adjudicated on the merits in the previous appeal. Plaintiffs' action was both contrary to the law of the case and outside the scope of remand. *Rott*, 508 Mich at 287; *Int'l Bus Machine*, 316 Mich App at 350. Further, plaintiffs' attempt to relitigate these claims was barred by the fact that they were dismissed with prejudice. *ABB Paint Finishing*, 223 Mich App at 562. The trial court lacked the authority to overrule this Court's holding that summary disposition of plaintiffs' fraud and conversion claims was appropriate. *Sokel*, 356 Mich at 464.

Additionally, plaintiffs make far too much of the fact that the record now contains a signed and notarized affidavit by Jeffrey. As a threshold matter, the affidavit was signed and notarized in 2020—accordingly, it is not new evidence or evidence that could not have been presented during the pre-remand proceedings in this case. We need not reconsider our previous decision based on evidence that could have been presented when defendants' second motion for summary disposition was first decided. See MCR 2.119(F)(3); *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 629; 750 NW2d 229 (2008).

Regarding the substance of the affidavit, Jeffrey's affidavit states in relevant part that he attended a real estate closing and signed "a multitude of documents" given to him by his attorney "without reading each document," and specifically that he did not read the seller's closing statement. It further states that Jeffrey's attorney did not inform him that the seller's closing statement would approve the transfer of $230,000 to defendants for the payment of legal bills, and that if he had been so informed Jeffrey would not have signed the statement. It does not, however, state that Jeffrey's attorney took any action or made any misrepresentation designed to mislead Jeffrey into signing the seller's disclosure. To establish silent fraud, a plaintiff must establish more than the mere failure to disclose information; rather, "to prove a claim of silent fraud, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Roberts v Saffell*, 280 Mich App 3397, 404; 760 NW2d 715 (2008). The seller's disclosure quite plainly provided for the disbursement of $230,000 to defendant Resnick Law, P.C., for attorney's fees. Jeffrey's affidavit indicates only that his attorney failed to specifically call his attention to this document and inform him of its contents. Even if his attorney did bear some duty to point out this specific document beyond providing it for his review and signature, her mere failure to do so does not establish silent fraud. *Id.* Relatedly, because plaintiffs have not established that Jeffrey's authorization for the transmission of the funds was obtained by fraud or otherwise void, plaintiffs' conversion claim fails for the reasons stated in our first opinion in this case.

In sum, the trial court correctly held that plaintiffs' attempt to relitigate their fraud and conversion claims was outside the scope of remand. *Schumacher)*, 275 Mich App at 127. Further, even if considered, Jeffrey's signed and notarized affidavit did not create a genuine issue of material fact concerning whether his attorney had acted to deceive him. Accordingly, the trial court correctly denied plaintiffs' motion.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado

-10-